No. 24,596.

B. T. Broadie, *Appellee,* v. Bentley Randall, *Appellant.*

SYLLABUS BY THE COURT.

1. Automobile—*Disfigured by Scratching—Value Depreciated—Measure of Damages.* Where a new automobile purchased by a dealer for resale is negligently disfigured by scratching and writing a name on the body of the car which penetrated the paint and varnish on it, a proper measure of damages for such injury is the difference in the value of the car immediately before and after the injury.

2. Same—*Rulings on Admission of Evidence.* Rulings on the admission of evidence examined and held to be without material error.

3. Same—*Not a Quotient Verdict.* The fact that the jury made two computations of the damages in a process by which each juror set down his individual estimate of the loss and divided the sum of all by twelve, but the results obtained were not adopted by the jury or agreed in advance to be adopted, and the amount finally found by the jury differed from either quotient, is not ground for granting a new trial.

Appeal from Clark district court; Littleton M. Day, judge. Opinion filed July 7, 1923. Affirmed.

*F. C. Price,* and *Robert C. Mayse,* both of Ashland, for the appellant.
*W. E. Broadie,* of Kinsley, for the appellee.

The opinion of the court was delivered by

Johnston, C. J.: B. T. Broadie, a dealer in automobiles, purchased a new seven-passenger sedan car at Wichita, and drove it to Ashland with the purpose of selling it to prospective customers. The car was dusty when he arrived and while the defendant Bentley Randall and others were looking at the car Randall wrote the word "Bentley" with the end of his finger on the side of the dusty car. Some of the letters of the name written were eight inches high, and the writing was about eighteen inches long. After washing the car it was ascertained that in writing his name the defendant had

Broadie v. Randall.

scratched or penetrated through the varnish and paint so that the writing was still plainly discernable to one twenty-five feet distant from the car. Plaintiff undertook to repair the injury by having the car simonized, for which he paid about $40, but the scratching was so deep that the process did not obliterate the marks made by defendant. An action to recover damages for the injury to the car was instituted by Broadie which resulted in a verdict finding that the amount of the loss occasioned by defendant was $475. The defendant appeals and contends that the amount awarded was excessive and that the verdict was obtained by erroneous rulings of the court.

His principal complaint is that the proper rule for measuring the damages sustained was not given to the jury nor applied by the court. In an instruction the court told the jury:

"If you find that the car was damaged it will be your duty to find a verdict for the plaintiff in such sum as will compensate him for any loss sustained by reason of such writing on the car. The measure of such damage, if any, is the difference in the fair and reasonable market value of the car immediately prior to the time of said injury and its fair market value immediately after such injury."

Defendant insists that where property is injured but not destroyed the cost of repair or restoration is the correct measure of damages and so he contends that the cost of restoring the paint on that part of the car necessary to be repainted, together with an allowance for the loss of the use of the car while it was being repainted was the only compensation to which plaintiff was entitled. The repainting of the disfigured part would not restore the car to its original condition but would be an obvious patch and blemish. Some of the witnesses said that the repainting of the entire car would be necessary and found that this could not be efficiently done except at the factory. Others said that even if that were done it would still be a repaired and renovated car which would make its market value much less than that of a new car which had never been injured, repaired or repainted. The rule of repair and restoration is not applicable where the property injured cannot be restored to its original condition. If the injury to the car had been the removal of a tire or a spark plug; the replacement of which would make a complete restoration it might be regarded as a simple and appropriate method of measuring damages. However, the result arrived at would be substantially the same as if the measure applied had been

the difference in value of the property before and after the injury. The general rule for measuring damages to injured property is the one which was applied by the court. In the early case of *Monroe v. Lattin*, 25 Kan. 351, the rule was stated and it was there remarked that the cost of repairs necessarily entered into the ascertainment of the value before and after the injury. Evidence was given as to the value of repainting and repairing the car and this was competent as going to show the reasonable market value of the car immediately after the injury. Of course, the plaintiff is not entitled to add the value of the repairs to the difference in value of the car before and after the injury nor would he be entitled to the full value of the repairs in cases where the repairs made the car more valuable than it was before the injury. In cases where the repair of an injury did not restore the property to its original condition and value, but was a reasonable effort to make it as nearly usable as practicable, and as repaired was not as valuable as it was before the injury, the cost of the repair together with the difference in value of the repaired property and its value before injury might in some cases be a fair measure of the loss sustained. The rule stated by the court, however, excludes these considerations and we think, in view of the fact that the disfigurement of the car and the restoration of it necessarily diminished its value to ordinary purchasers desiring new cars, that the rule stated was not an improper one. (*Kerns v. Kansas City*, 79 Kan. 562, 100 Pac. 624; *Meyer v. Rosedale*, 84 Kan. 302, 113 Pac. 1043; *Barshfield v. Vucklich*, 108 Kan. 761, 197 Pac. 205; note, 4 A. L. R. 1351.)

Some complaint is made of the rulings of the court on testimony as to the depreciation resulting from the disfigurement of the car. It is said that the witness did not have sufficient knowledge of the value of cars like that of plaintiff. They were engaged in the automobile business and knew of the schedule prices and uniform value of such a car and stated that price as the value. New cars of the class of the injured car had an established value throughout the country and that value was practically the one placed on them by the manufacturer, to wit, $3,550. There was no material error in the admission of the testimony, besides it was the same value placed upon the car in the testimony of the plaintiff, to which no objection had been made. Another witness was asked, "If the car had a market value of $3,550 what would be its value after it had been scratched in the manner described?" There was no dispute as to

the character of the injury and the witness gave his opinion of the deterioration. The premise of the question was tentative and was not an assumption that the car was of the value stated. The inquiry was: What was the value of the car after it was injured, the character of the injury being conceded? His answer was in effect that there was a depreciation of $1,000. This cannot be regarded as a material error and we discover nothing substantial in the objection to the rulings on the admission of evidence.

It was also claimed that the jury rendered a quotient verdict. Two computations were made by the jury, each wrote his estimate of the damage and then divided the sum of these estimates by twelve, but neither of the results obtained by this process were adopted by the jury. The amount finally agreed upon differed from either quotient, indicating that the verdict was not controlled by the process used, and besides it does not appear that there was an agreement in advance to make the quotient their verdict. Under these circumstances the defendant was not entitled to a new trial on the ground that a quotient verdict had been rendered. (*Hamilton v. Railroad Co.,* 95 Kan. 353, 148 Pac. 648; *Schaake v. Railroad Co.,* 102 Kan. 470, 170 Pac. 804.)

Judgment affirmed.

HARVEY, J., not sitting.