No. 37,184

W. A. LESTER, *Appellee*, v. JIM DOYLE and JOHN CAMPBELL, a co-partnership, doing business as The Service Oil Company, *Appellants*.

(194 P. 2d 917)

Opinion filed June 12, 1948.

*Ray H. Calihan, Logan N. Green* and *Roland H. Tate*, all of Garden City, were on the briefs for the appellants.

*Wm. Easton Hutchison, C. E. Vance, C. R. Hope, A. M. Fleming* and *Bert J. Vance*, all of Garden City, were on the briefs for the appellee.

The opinion of the court was delivered by

THIELE, J.: Defendants appeal from an order and judgment of the trial court sustaining a demurrer to a particular part of their cross petition.

Plaintiff commenced an action to recover damages growing out of a collision occurring about January 1, 1945, on a public highway between defendants' truck and a herd of sheep owned by plaintiff. Defendants filed an answer to the petition and a cross petition charging plaintiff with negligence as a result of which their truck was "greatly damaged"; that its value was $750 immediately before the collision and immediately thereafter was only $100. Defendants further alleged that at the time of the collision the United States was engaged in war and that by reason of the emergencies of war it was impossible to obtain necessary parts to repair their

truck, and it was impossible for them to purchase or obtain another truck to replace their damaged truck; that the truck was so badly damaged that it could not be repaired or replaced because of the emergency and was rendered useless for a period of over ninety days and they were deprived of its use for that period; that the reasonable value of the use of the truck in their business (sale and distribution of petroleum products) was $15 per day, and by reason of the loss of use they had suffered damages in the amount of $1,350. They prayed for judgment against plaintiff for the sum of $2,100. Plaintiff included in his reply a demurrer "to that portion of the cross petition of the defendants, wherein they seek to recover the sum of $1,350 for damages for the use of the truck, for the reason that such portion of said cross petition does not state facts sufficient to constitute a cause of action." The trial court ruled that the defendants could not recover damages for loss of use of the truck in addition to the loss sustained to the truck itself and sustained the demurrer. From that ruling the defendants perfected their appeal to this court.

In their brief appellants direct our attention to decisions holding that under the facts and circumstances in those cases the question of negligence was for the trier of the facts and was not to be determined as a matter of law. Appellees have discussed those cases and directed our attention to others. In view of the issue as raised by the demurrer and as ruled on by the trial court, we do not have before us any question as to negligence, but only a question as to what may be recovered assuming that negligence has been proved.

In support of their contention that they may recover for loss of use of their truck under the facts alleged, appellants direct our attention to 5 Am. Jur. 907, and 42 C. J. 1291, holding generally that loss of use of an automobile, pending its repair after an injury, may be recovered in addition to the cost of repairs, and to annotations in 4 A. L. R. 1350, 32 A. L. R. 706, 711, 713, and 78 A. L. R. 910, 912, where decisions to that effect are cited. A subsequent annotation, later referred to, may be found in 169 A. L. R. 1074 *et seq.* In addition to the above authorities, appellants rely on *McCoy v. Fleming*, 153 Kan. 780, 113 P. 2d 1074, where this court affirmed a judgment of the trial court allowing recovery of $9 for loss of use of an automobile. That case was tried by the court upon stipulated facts. The principal contention by the appellant was that the plaintiff was guilty of contributory negligence. Appellant

did complain that the trial court adopted the wrong measure of damages, but he made only a meager argument not supported by citation of any authorities and we held he had not made it appear the trial court had erred.

In support of the trial court's ruling appellee directs our attention to an old case, *Monroe v. Lattin,* 25 Kan. 351, and to annotations in American Law Reports. In *Monroe v. Lattin* the complaint was made of an instruction as to measure of damages where a horse, buggy and harness were allegedly damaged by negligence of the defendant. This court held that an instruction that the damage to the buggy and harness would be the difference in the value of the buggy and harness before and after the injury, with the reasonable costs of repairs and the value of use during repairs, provided the damages did not exceed the value of the property, and that as to the horse, the difference in value, with expense of treatment and attendance and the value of use of the animal during treatment all not to exceed the value of the animal, laid down a fair mode of measuring the damages.

In *Kohl v. Arp,* 236 Iowa 31, 17 N. W. 2d 824, 169 A. L. R. 1067, it was held that the measure of damages for an injury to an automobile which could be repaired so that when repaired it would be in as good condition as before the injury, was the reasonable cost of repairs plus the reasonable value of the use of the automobile while being repaired with ordinary diligence, *not exceeding the value of the car before the injury* and where the automobile was totally destroyed, the value of the automobile; that if the automobile, though not totally destroyed, is so injured that it cannot be placed in as good condition as it was before the injury the measure is the difference between its reasonable market value before and after the injury. In an annotation following the report of the above case (see page 1074) may be found reference to previous annotations, all of which list many cases from which it may be concluded that the holding in the reported case is supported by the great weight of authority. See, also, 5 Am. Jur. 905 *et seq.;* 42 C. J. 1292 *et seq.;* 6 Blashfield's Cyclopedia of Automobile Law, Perm. ed., p. 44 *et seq.;* 17 and 18 Huddy, Automobile Law, 9th ed., p. 520 *et seq.;* 5 Berry's Law of Automobiles, 7th ed., p. 354 *et seq.*

In *Barshfield v. Vucklich,* 108 Kan. 761, 197 Pac. 205, it was held that ordinarily the proper rule for measuring the damage in such

a case is the difference in value before the injury and its value thereafter and when that theory is applied the cost of repairs cannot be included in the damages awarded.

In *Broadie v. Randall,* 114 Kan. 92, 216 Pac. 1103, 32 A. L. R. 708, defendant was charged with damaging a new car by writing with his finger on the side of the dusty car. In the trial court defendant insisted that the property having been injured and not destroyed the measure of damages should have been the cost of repair and an allowance for loss of use while it was being repaired. The trial court's instruction that the measure of damages was the difference in value immediately prior to and immediately after the injury was held not to be improper.

In view of the fact that a ruling on a demurrer is involved and appellants are entitled to a favorable construction of their pleadings, we shall only remark that while their allegation the truck was worth $750 before the collision and $100 thereafter might be construed as an allegation of almost complete destruction leaving only salvage value, we shall construe it as an allegation the truck could be repaired. But so considered, the allegations pertaining to loss of use are only with respect to difficulties of procuring repairs. There is no allegation that the truck was ever repaired at any particular time or at any stated cost. Were it possible to recover for loss of use under any circumstances, it would be for the period between the date of injury and the date the repairs were completed. If that is the theory pleaded it cannot avail for under decisions above noted, recovery cannot exceed the value of the truck—here the attempt is to recover for the truck at $650 and for loss of use at $1,350, of a truck worth only $750 before the collision.

We think recovery for loss of use must be treated, by analogy, in the same manner as recovery for repairs. Appellants' cross petition makes it clear they are not seeking recovery on any theory of repairs, but are seeking recovery on the theory of difference in value immediately before and immediately after the collision. That being the case, under the rule in *Barshfield v. Vucklich,* supra, and supported by *Broadie v. Randall,* supra, they were not entitled to recover for loss of use.

It follows from what has been said that the trial court did not err in ruling on the demurrer and its ruling and judgment is affirmed.

Cowan, J., not participating.