No. 43,597

V. E. Peterson, d/b/a Memorial Art Company, *Appellee,* v.
Kent A. Bachar, *Appellant.*

(392 P. 2d 853)

Opinion filed June 6, 1964.

*J. Eugene Balloun,* of Great Bend, argued the cause, and *H. Lee Turner* and *James Bergland,* both of Great Bend, were with him on the briefs for the appellant.

*Harold W. McCombs,* of Russell, argued the cause, and was on the briefs for the appellee.

The opinion of the court was delivered by

HATCHER, C.: This controversy stems from a motor vehicle collision. The appeal is from judgments of the district court overruling a motion to strike from, and a demurrer to, plaintiff's petition.

The limited issues on appeal permit an abbreviated statement of the contents of the petition.

The plaintiff commenced this action to recover the value of a truck which was completely demolished in a motor vehicle collision on a highway. The petition alleged that plaintiff was in the business of selling tombstones and memorial markers in Salina; that he owned and used a 1960 International 2-ton truck which was especially designed for use in his business, and that the defendant negligently drove his automobile in such a way as to cause a collision between the plaintiff's truck and the defendant's automobile.

The allegation of the petition as to damages reads:

"That as a direct and proximate result of the careless, negligent, unlawful, willful and wanton acts of the defendant as aforesaid, this plaintiff sustained damages as follows: [1] that the 2-ton International truck then owned by him was completely demolished to his damage in the amount of $2,925.00; [2] that a monument which was then being transported on said truck was broken to his damage in the amount of $324.00; [3] that plaintiff personally lost 2 days time and expenses by reason of the failure of his truck to arrive at its destination, where plaintiff was awaiting said arrival, to his damage in the amount of $110.00; [4] that plaintiff was required to employ 3 men for 4 hours each to unload his truck after said wreck to his damage in the amount of $36.00 and that he sustained damages in the additional amount of $75.00 by reason of being required to haul said cargo back to Salina and reload the same; [5] that plaintiff and his employees spent 2 days time negotiating for a new truck to plaintiff's damage in the amount of $50.00; [6] that plaintiff was unable to rent a truck properly equipped to handle plaintiff's business and that he was unable to obtain delivery on a new truck properly equipped until the 16th day of October, 1962, to his damage in the amount of $100.00 per day for twenty-one (21) working days or a total of $2,100.00 which said loss included, but was not limited to: loss of business, loss of jobs setting monuments for other firms, expenses incurred in the shipment of monuments and materials by freight which would otherwise have been hauled in plaintiff's truck, being required to work without the services of experienced employees injured in said accident and various other miscellaneous expenses incurred by reason of being required to attempt to operate his said business during said time without the use of said truck and the services of said experienced employees; all to plaintiff's damage in the total amount of $5,620.00." (The numbers have been inserted by us for convenience in reference.)

The defendant lodged a motion to make definite and certain and a motion to strike against the petition in numerous particulars. The

motions were overruled. Defendant then attacked the petition by a general demurrer which was also overruled.

The defendant has appealed, specifying as error the overruling of the motion to strike, the overruling of the demurrer and specifically contending that:

"The court erred in failing to strike from plaintiff's petition that portion of unnumbered paragraph 6 commencing with the words, 'that plaintiff personally . . .' on line 7 of unnumbered paragraph 6 to the end of unnumbered paragraph 6." (Our numbers in the quoted claim for damages [3] to [6] inclusive.)

The appellant in his brief limits the controversy to a single issue as follows:

"The defendant filed a motion to strike and make more definite and certain. For purposes of this appeal, we urge only the error in overruling paragraph 5 of the Motion. This portion of the Motion requested the District Court strike the claim of damages for loss of use, leaving only a claim for the destruction of the truck and the destruction of the monument. The Motion was overruled by the District Court.

"The defendant then filed a demurrer to the petition, which was overruled. For purposes of this appeal, we urge that the District Court should have sustained the demurrer as to the claim for damages for loss of use of the truck."

The only question before us is—where a motor vehicle is completely demolished, is the recovery of damages limited to the reasonable value of the vehicle immediately before its destruction?

The appellant contends that the recovery is so limited. The appellee contends that he not only has a right to recover the value of the vehicle but may also recover for all losses that are the natural and probable result of defendant's wrongful act, which includes the items of damage numbered [3] to [6] in plaintiff's claim for damages as previously quoted.

The appellee calls our attention to the general rule that in all negligence cases the injured party is entitled to recover damages for all injuries which are the natural and probable result of the wrongful or negligent act complained of. Appellee also suggests that there is no reason why there should be a different rule applicable to the negligent destruction of a motor vehicle than that applicable to the destruction of any other type of personal property. We are inclined to agree with the logic of appellee's suggestion. In 8 Am. Jur., 2d, Automobiles and Highway Traffic, § 1041, p. 601, the general rule is stated:

"The basic formula for measuring damages for destruction of or injury to a motor vehicle, as for measuring damages for any other tortious injury, is fair,

reasonable, and adequate compensation for the injury inflicted, that is, for the loss sustained by the plaintiff as the proximate result of the wrongful or negligent act complained of; and this is true as to both commercial and pleasure vehicles. . . ."

However, in considering the general rule it must be understood that where the loss of profits or earnings from the use of a motor vehicle is being considered the damage or loss must be capable of computation with reasonable certainty and recovery cannot be based on speculative and problematical loss of profits or earnings because of loss of use of the motor vehicle.

Both parties cite the numerous Kansas cases which have touched on the question in support of their contentions. It must be conceded that this court, in considering the particular facts, circumstances and issues in each individual case, has left some speculation as to the exact rule to be applied in measuring damages for the complete destruction of a motor vehicle.

The appellant relies chiefly on the case of *Lester v. Doyle*, 165 Kan. 354, 194 P. 2d 917 and the earlier cases cited in the opinion. The first paragraph of the syllabus reads:

"A proper measure of damages for an injury to a truck which could be repaired so that when repaired it would be in as good condition as before the injury, is the reasonable cost of repairs, plus the reasonable value of the use of the truck while being repaired with ordinary diligence, but not exceeding the value of the truck before the injury."

The appellant contends that the corollary to this rule is that when the vehicle is completely destroyed, the measure of the damages is limited to the value of the property at the time of the destruction.

The appellee contends:

"In the trial court and in this court appellant apparently relies principally upon the decision of this court in the case of *Lester v. Doyle*, 165 Kan. 354, where it was held that where defendants sought to recover the difference in value of a truck immediately before and immediately after a collision, they could not recover for loss of use of the truck. This decision is contrary to the great weight of authority throughout the United States and is contrary to all rules in this jurisdiction and elsewhere for determining the measure of damages for a tortious act."

We cannot agree with the contention of either party. The Lester case simply holds that if a party so elects he may recover the difference in the value of the motor vehicle immediately before a collision and immediately thereafter and if he so elects he cannot recover in addition the cost of repairs and for the loss of the use of

the vehicle. On the other hand, if a party so elects he may have the vehicle repaired and recover as damages the reasonable cost of the repairs, plus the reasonable value of the use of the vehicle while it is being repaired with ordinary diligence, but the cost of the repairs and the loss of the use cannot exceed the value of the vehicle before the injury.

The reason for the rule and its application is not difficult to determine. The injured party should not be permitted to indulge in excessive repairs and loss of the use of a vehicle in amount greatly in excess of the value of the vehicle immediately before the injury. If such a situation is going to result the injured party can best mitigate his damages by taking as damages the difference in the value of the vehicle immediately before and after the injury and acquiring a substitute vehicle. It should be suggested, however, that a different rule might well apply where a vehicle was specially constructed for the performance of a particular service and a substitute vehicle was not available.

It may be stated as a general rule that in the case of the complete destruction of a motor vehicle the measure of damages is the reasonable market value thereof immediately before the destruction. (169 A. L. R. 1080.) However, this rule, like most general rules, has its exceptions depending on the particular facts and circumstances. In *Foster v. Humburg*, 180 Kan. 64, 299 P. 2d 46, another general rule is stated:

"When personal property is damaged by the negligence of another, the rule for measuring damages should be applied that will reimburse the owner for the actual loss sustained, without giving him double damage for any portion. The specific rule applied must depend upon the facts in the case. . . ." (p. 68.)

The case now before us must be decided on the particular facts and circumstances as alleged in the petition. The petition alleges the unusual features of the truck to be as follows:

"That on the 24th day of September, 1962, the plaintiff was the owner of a 1960 International 2-ton truck equipped with a hydraulic lift, water tanks and other equipment especially designed for the purpose of hauling, loading, unloading and erecting heavy monuments and memorials . . ."

The allegations as to the inability to obtain a substitute vehicle read:

". . . that plaintiff was unable to rent a truck properly equipped to handle plaintiff's business and that he was unable to obtain delivery on a new truck properly equipped until the 16th day of October, 1962, . . ."

Both parties rely on the case of *Billups v. American Surety Co.,* 173 Kan. 646, 251 P. 2d 237. The case does throw some light on this controversy. The action was brought for damages to a tractor truck constructed for the purpose of hauling cattle and for the loss of use thereof. The plaintiff recovered for the cost of repairs to the truck in the amount of $2,328.11, the loss of the use of the truck in the amount of $500.00 and wreckage expense in the amount of $350.00. The plaintiff appealed contending that the trial court erroneously rejected evidence as to additional loss of the use of the truck in the sum of $6,145.00. The loss of use as it pertains to the item was based on the contention that plaintiff was unable to lease the truck to the War Department for the purpose of transporting feed and other commodities during a severe snow storm in Wyoming and the Dakotas. This court disposed of the controversy with the following statement:

". . . When dates are borne in mind, it may hardly be said that it was a natural and probable result of a collision of trucks negligently caused by defendants on January 11, 1949, that thereafter there would be a severe storm in Wyoming and the Dakotas and that the War Department, in an effort to assist persons in such states, would lease certain equipment to accomplish that purpose. And even if that be conceded, the excluded evidence shows the War Department did not want and did not lease plaintiffs' tractor and truck, which were constructed for and devoted to cattle hauling." (p. 650.)

In discussing the matter the court laid down the general principles of law applicable. It stated:

"Preliminary to discussion of plaintiffs' contentions, certain general principles of law should be mentioned. The underlying principles governing an award of damages are the same whether the action is in tort or on contract (25 C. J. S. 462, and *Skinner v. Gibson,* infra, 434); damages for breach of contract are such as arise naturally from the breach and are reasonably within the contemplation of the parties (25 C. J. S. 481) and there may be recovery for loss of profits consequent upon tort if they are such as may naturally be expected to follow from the wrongful act and if they are certain, but there may be no recovery where the profits are uncertain, speculative or remote (25 C. J. S. 523).

"In *Enlow v. Hawkins,* 71 Kan. 633, 81 Pac. 189, it was held:

" 'One who commits a tortious act is liable for the injury and loss that are the natural and probable result of his wrongful act.' (Syl. ¶ 1.)" (p. 649.)

We must conclude that loss of profits from earnings or the use of the motor vehicle may be allowed as an element of damages for the complete demolition of the vehicle if they are not too speculative or contentious. However, loss of profits or earnings to be derived from the use of a motor vehicle cannot be recovered in an action for injury thereto unless it is shown that the owner could

not obtain a suitable substitute vehicle, or that there was a necessary lapse of time between the date of the accident and the time in which the owner was reasonably able to obtain a suitable substitute vehicle. Loss of earning or loss of profit cannot be considered as an element of damages unless the computation can be made with reasonable certainty. They cannot be recovered where such loss is speculative or problematical.

In the trial of the case on its merits it will be the responsibility of the trial court to see that speculative or problematical evidence as to loss of use or loss of earnings does not reach the jury.

There is some merit to appellant's contention that the allegations in the petition as to the amount of damages from loss of use of the vehicle indicate speculation. However, it should be understood that while allegations as to the amount of damages are essential in a petition, they do not constitute a part of the cause of action. The evidence may establish less damages than the amount alleged in the petition, yet the plaintiff may recover the amount proven. In *Foster v. Humburg,* supra, it is stated at page 67 of the opinion:

"While allegations of damages are essential in a petition, they do not constitute the 'cause of action.' The 'cause of action' is the wrong done, not the measure of compensation for it, or the character of relief sought. A 'cause of action' arises from a manifestation of a right or violation of an obligation or duty. (*Friederichsen v. Renard,* 247 U. S. 207, 62 L. Ed. 1075, 38 S. Ct. 450; *Travelers Fire Ins. Co. v. Ranney-Davis Mercantile Co.* (10th Circuit), 173 F. 2d 844; *Wright v. Brush,* 115 F. 2d 265.) Damage is not the cause of action. It is merely a part of the remedy which the law allows for the injury resulting from a breach or wrong. The 'right of action' is merely the right to pursue a remedy, and the 'cause of action' is the concurrence of the facts giving rise to an enforceable claim. (*United States v. Standard Oil Co of California,* 21 F. Supp. 645.) . . ."

Under the particular facts and circumstances alleged in the petition the motion to strike from, and the demurrer to, the petition were properly overruled.

The judgment is affirmed.

APPROVED BY THE COURT.