No. 47,048

Jesse S. Venable, *Appellee*, v. Import Volkswagen, Inc., *Appellee*, and Farmers Insurance Exchange, *Appellant*.

(519 P. 2d 667)

Opinion filed March 2, 1974.

*Otto J. Koerner,* of Koerner & Carnahan, of Wichita, argued the cause and was on the brief for the appellant.

*John Prather,* of Meade, argued the cause and was on the brief for Jesse S. Venable, appellee.

*Jack Turner,* of Wichita, argued the cause and was on the brief for Import Volkswagen, Inc., appellee.

The opinion of the court was delivered by

FROMME, J.: This is an appeal by the Farmers Insurance Exchange from judgments entered on jury verdicts in favor of Jesse S. Venable and Import Volkswagen, Inc. In the interest of conservation we will refer to the parties as Farmers, Venable and Import VW, respectively. Suit was brought by Venable against Farmers for loss under a collision insurance policy and against Farmers and Import VW for failure to properly repair a Volkswagen camper.

The 220 page record of the proceedings in the trial court indicates the matter was hotly contested on the claim and counterclaims. A great number of issues were presented by the pleadings, and a trial was undertaken without the benefit of a pre-trial conference. The case was submitted to the jury on 12 special questions along with 10 possible verdict forms. It is surprising that the jury was able to answer the questions intelligently and fill in the proper verdict forms. We will return to this feature of the appeal later.

By way of background the following facts were developed at the trial. Venable purchased a 1969 Volkswagen camper on September 5, 1969, for $4,320.00. It had been driven 6,000 miles before it was purchased. Farmers insured the vehicle against collision with a $100.00 deductible provision in the policy. Three weeks later a collision occurred with another vehicle and Venable was hospitalized for a short period of time. Farmers was notified of the damage to the camper and was asked to evaluate the loss under

the policy. Import VW was notified to make an estimate of the damages and thereafter Venable authorized Farmers to take the vehicle to Import VW. An estimate of the cost of repairs was prepared by Import VW. The estimate came to $1,607.00 plus the cost of any repairs to the air conditioning and the motor, which items were left open. There was conflicting evidence as to whether Venable agreed to have his vehicle repaired. It took Import VW approximately three months to repair the camper and Venable took possession of the repaired vehicle around the first of January, 1970. He gave a check to cover the $100.00 deductible in his policy but later stopped payment on his check.

The evidence indicates that the repairs and workmanship were not satisfactory and both Farmers and Import VW were so notified by Venable. It appears that even after the repairs were completed there was difficulty in steering, in shifting gears, in loose body assembly, in front-end alignment, and in the electrical wiring. Venable lived in Manhattan and Import VW was located in Wichita. Further repair of the vehicle in Manhattan was authorized by Farmers and three repair shops in that neighborhood worked on the camper at separate times. Venable continued to drive the camper in between repair jobs, and in September, 1970, the vehicle was returned to Import VW because of a burned out motor. The motor had been ruined from lack of air circulation caused by rags and paper left in the engine compartment, presumably by Import VW. The vehicle had been driven over 17,500 miles. The new engine was installed and Venable returned to pick up his camper in November, 1970. Farmers had not been notified of the installation of the new motor. There were no charges made by Import VW on this installation since it was covered by the original factory warranty.

Farmers had previously issued a draft to both Import VW and Venable for $2,097.43 to cover the original repairs, less the $100.00 deductible due from Venable under his policy. Before releasing the camper to Venable Import VW demanded that Venable endorse the $2,097.43 draft. Venable refused to do so because the signature endorsement contained a release to Farmers on all damages arising from the collision of September 28, 1969. Venable left the repair shop without his camper, and the present suit was filed.

The case was tried, and when the verdicts were returned Import VW had a judgment against Farmers for the cost of the original repairs of $2,097.43 less $171.83 for inadequate repairs and work-

manship which had been corrected in other repair shops and paid by Farmers. This left a net sum to be paid by Farmers to Import VW of $1,925.60, for which judgment was entered.

There were additional verdicts returned in favor of Venable and against Farmers for $6,000.00 for loss of use of camper and for $820.00 as additional damage arising from a decrease in the value of the vehicle as finally repaired, making a total of $6,820.00 due from Farmers to Venable. By agreement of the parties Venable had previously been given possession of his camper after the action was filed, so when the trial ended Venable had possession of the repaired vehicle (worth approximately $4,230.00 at the time of the collision) plus a judgment for $6,820.00.

After judgments were entered Farmers filed various motions including one requesting the court to order a remittitur of all sums in excess of $2,097.43. Farmers contended in the court below as on appeal that any damages in excess of $2,097.43 could not be supported by either the law or the evidence. Venable then filed a motion asking the court to determine and assess attorney fees against Farmers as authorized by K. S. A. 40-256. The statute provides for payment of attorney fees if it appears the insurance company refused without just cause or excuse to pay the full amount of the loss due under its policy.

These motions were heard by the trial court. A remittitur on damages for loss of use was ordered by the court in the amount of $2,700.00, apparently this was based upon lack of evidence. However, the court found that the insurance company had refused without just cause or excuse to pay the full amount of the loss and assessed attorney fees of $2,700.00 against Farmers and in favor of Venable. Final judgments were entered reflecting these final changes.

Farmers appeals from the judgments and attempts to present 23 separate points of error for our consideration and research. In order to adequately consider appellant's primary points of concern and place the case in proper perspective it will be necessary to review several established principles of law on which there was no unanimity among the parties in the court below and none on appeal.

The liability of a property insurer is based upon its contract, subject to conditions imposed on the contracting parties by regulation and statute. From the fact that the insurer's liability is contractual it follows that in an action for damages brought upon a contract of

insurance the provisions of the contract generally govern the measure of recovery rather than the rules relating to damages in tort cases. (*Saul v. Saint Paul-Mercury Indemnity Co.*, 173 Kan. 679, 250 P. 2d 819; 8 Blashfield Automobile Law and Practice, § 333.2, p. 180; see also Anno. 43 A. L. R. 2d 329, § 1, [*b*].)

Generally in tort actions brought to recover damages to an automobile a reasonable amount may be recovered to compensate the owner for the loss of use of the automobile while it is being repaired with ordinary diligence plus the cost of repairs necessary to restore it to substantially its previous condition and value at the time the damage was incurred. The amount which can be recovered in tort cases for loss of use is limited to the period reasonably necessary to complete the repairs where repair is feasible. (*Lester v. Doyle*, 165 Kan. 354, 194 P. 2d 917.) The amount to be recovered, however, should not exceed the value of the vehicle before the injury. See *Lester v. Doyle*, supra, Syl. ¶ 1, and PIK, Civil, 9.10, p. 259. In case of complete destruction of the vehicle see *Peterson v. Bachar*, 193 Kan. 161, 392 P. 2d 853.

As previously mentioned our present case is not a tort case and damages allowable for loss of use are not necessarily limited to that period of time which the jury finds to have been necessary with ordinary diligence to restore the vehicle to substantially its previous condition and value. The action here was brought on a contract of collision insurance. The policy provides for the limit of liability as follows:

"Limit of Liability under Part IV

"The limit of the Company's liability for loss shall not exceed the actual cash value of the damaged or stolen property, or if the loss is of a part, its actual cash value, at the time of loss, nor what it would then cost to repair or replace the damaged or stolen property or part with other of like kind and quality, less depreciation."

The policy further provides:

"Payment of Loss under Part IV

"The Company may pay for the loss in money or may repair or replace the damaged or stolen property or any of its parts, or may return any stolen property with payment for any resultant damage thereto at any time before the loss is paid or the property is so replaced, or may take all or such part of the damaged or stolen property at the agreed or appraised value, but there shall be no abandonment to the Company."

This latter provision gives the insurance company the option to repair, restore or replace the damaged vehicle in lieu of paying the

amount of insured loss. In 15 Couch on Insurance 2d, § 54:30, p. 338, it is stated:

"As a condition to the exercise of the election to repair or rebuild, it is essential that the property be in such a condition that it can be repaired or rebuilt and thereby be restored to its condition prior to the loss. Consequently, where the property cannot be ·so restored or repaired, the insurer cannot discharge its obligation by attempting to make a restoration or reconstruction which by definition will not be successful." (Accord, 8 Blashfield Automobile Law and Practice, § 343.10, p. 338.)

In the present case Farmers elected to repair and rebuild the camper which it had a right to attempt under its contract. When an insurer makes an election to repair or rebuild under a "repair, restore or replace clause" in its policy the insurer is then obligated to put the vehicle in substantially the same condition as it was prior to the collision so as to render it as valuable and as serviceable as before. In addition the insurer, in exercising its option to repair under the policy, must complete such repairs within a reasonable time. (15 Couch on Insurance 2d, § 54:42, p. 343.) If the repairs or workmanship are defective or the insurer has unreasonably delayed or not acted in good faith additional damages may be recovered. (*Motors Insurance Corporation v. Howard*, (Ky.) 291 S. W. 2d 522; c. f. *Am. Cent. Ins. Co. v. McLanathan*, 11 Kan. 533.) As a measure of damages where repair fails to restore the property, the value of the vehicle immediately before the damage less the value immediately after repairs are made, plus the reasonable cost of the repairs may be applied. See *Wholesale Grocery Co. v. Kansas City et al.*, 115 Kan. 589, 224 Pac. 47; *Broadie v. Randall*, 114 Kan. 92, 94; 216 Pac. 1103, 32 A. L. R. 708; and 43 A. L. R. 2d Later Case Service, 327-351, § 5.

Moreover, when an insurer elects to repair the vehicle it is bound by its election and any resulting damages are based on the agreement to repair, so that the damages recoverable may in such case be more or less than the amount of the loss suffered under the policy. (15 Couch on Insurance 2d, § 54:56, p. 350; 8 Blashfield Automobile Law and Practice, § 343.10, p. 340.)

In *Campbell v. Calvert Fire Ins. Co.*, 234 S. C. 583, 109 S. E. 2d 572, the Supreme Court of South Carolina said:

". . . [W]here there is a partial loss and the automobile can be repaired and restored to its former condition and value, the cost of repairs is the measure of liability, less any deductible sum specified in the policy. But if, despite such repairs, there yet remains a loss in actual value, estimated as of the collision date, the insured is entitled to compensation for such deficiency.

Under these circumstances some courts adopt as the measure of damages the difference between the fair cash value of the car before and after the collision. . . ." (p. 592.)

In our present case the evidence indicates and the jury found that the repairs attempted on the camper did not fully restore the vehicle to its condition and value immediately before the collision. The measure of damages recognized by the South Carolina court and by this court in *Wholesale Grocery Co. v. Kansas City et al.,* supra, and *Broadie v. Randall,* supra, was properly applied. The loss in value after repairs was determined by the jury to be $820.00 and there is testimony by the insured to support a judgment for this amount.

Next we turn to the item for loss of use. In 15 Couch on Insurance, § 54:180, p. 427, the author states:

"Damages for the loss of use cannot be included in measuring the liability on an insurance policy if the contract does not so provide.

"But where the insurer unreasonably delays in fulfilling its contract obligations, it is liable for the loss of the use of the property sustained by the insured. For example, an insured is entitled to recover from the automobile insurer for the damages to the truck and for the loss of the use of the truck resulting from an unreasonable delay in making repairs." (Accord, 8 Blashfield Automobile Law and Practice, § 333.9, p. 200.)

In such case the insurer has a reasonable time to make the repairs. During such reasonable time no damages for loss of use may be recovered. But when unreasonable delay occurs the insurer may be held liable for loss of use for so long as the unreasonable delay continues without just cause or excuse.

It was agreed in our present case that the contract of insurance did not provide for loss of use but there was evidence from which the jury might find that the insurer unreasonably delayed in fulfilling its contract obligations after it elected to repair the vehicle to its condition and value immediately preceding the collision. In such case it should be noted the measure of damages for loss of use is entirely different from that in tort actions and the right to recover for loss of use does not even arise until and unless the insurer unreasonably delays in making its election or in fulfilling its contract obligations to repair or restore. (15 Couch on Insurance 2d, § 54:55, p. 350.)

Appellant Farmers argues that it never at any time refused to pay for repairs and that any unreasonable delay was the fault of Import VW. It further argues that Import VW was an independent

contractor, not an agent of Farmers, and the failure to effect proper repairs within a reasonable time should not be a liability placed on Farmers. We cannot agree.

When an insurer exercises its option to repair under the contract of insurance it assumes the duty and responsibility to restore the property to its former condition and value. It is immaterial how it attempts to fulfill that duty, whether by agent or independent contractor.

In 15 Couch on Insurance 2d, § 54:37, p. 341, the author states:

"Where the insurer exercises its option to repair it is in the same legal position as any person making repairs, insofar as liability to strangers is concerned. Consequently, where a collision insurer has agreed to repair and actively takes the matter in hand, making all necessary arrangements, the reasonable conclusion is that the insurer thereby assumes the duty of having the repairs made with due care; and it is not relieved of this duty merely because it chooses to select an independent contractor to make the repairs, and refrains from exercising any supervision over his work."

However, in order to recover for loss of use from an insurer where it has elected to repair the vehicle under the terms of the policy of insurance the insured must establish by evidence what is a reasonable time in which to repair the vehicle as well as some basis for the jury to arrive at an amount to be allowed as damages. The jury should not be allowed to merely speculate in arriving at damage for loss of use. One who claims damages on account of a breach of contract must not only show the injury sustained, but must also show with reasonable certainty the amount of damage suffered as a result of the injury or breach. (*Johnston v. Lanter*, 98 Kan. 62, 65, 157 Pac. 266.) In order for the evidence to be sufficient to warrant recovery of damages there must be some reasonable basis for computation which will enable the jury to arrive at an approximate estimate thereof. (*Vanguard Insurance Company v. Connett*, 270 F. 2d 868 [10 CA]. See also 15 Couch on Insurance 2d, § 54:53, p. 349.)

Measured by the above standards, we are of the opinion that the evidence of plaintiff Venable was wholly insufficient on loss of use to submit that item of damage to the jury. We find no evidence in the record by which plaintiff even attempts to establish what is a reasonable time to repair the vehicle under the circumstances. In addition there was no admissible evidence introduced during the trial of the value of the use of the vehicle to plaintiff or the cost of renting a similar vehicle. A letter from Venable's attorneys to

Farmers, written in an attempt at settlement, was inadmissible in evidence to establish the amount of loss and the contents thereof could not be considered as a reasonable basis for computation of loss of use. (See K. S. A. 60-452 as to the effect and admissibility of an offer to compromise.)

Appellant Farmers questions the right of the trial court to award attorney fees. The reasonableness of the fee is not questioned. The thrust of Farmers' argument is that, when Venable accepted the offer to repair and the vehicle was placed in the hands of Import VW, the extent of Farmers' liability was then limited to the cost of repairs. It is admitted that Farmers never refused to pay any of the bills submitted to it for repairs. Farmers argues it had no further liability and it had the right to demand that Venable seek redress for his grievances against Import VW. Again we cannot agree.

What has previously been said concerning an insurer's duties and liabilities under a collision insurance policy when it elects to repair a vehicle clearly establishes that Farmers' position is untenable. The insurer continues to have a duty by reason of its election to repair and restore the vehicle and, in addition, full restoration must be completed without unreasonable delay. It matters not whether the insurer relies on an agent or on an independent contractor if there is a failure to fulfill its duties assumed under its election to repair.

Much has been written by this court on the proper construction and application of the statute permitting the allowance of attorney fees in actions on insurance policies. For a list of the many cases see the case annotations appearing under K. S. A. 40-256.

Some of the reasoning of the court on this subject which is applicable here appears in *Lattner v. Federal Union Ins. Co.,* 160 Kan. 472, 163 P. 2d 389, where it is said:

". . . The purpose of the statute allowing an attorney fee in insurance cases is . . . to permit the allowance of a fair and reasonable compensation to the assured's attorney in the event, after having been compelled to sue on his policy, he is successful in that effort. . . ." (pp. 480, 481.)

There can be little doubt that Farmers failed to acknowledge and fulfill the duties and responsibilities it assumed when it elected to repair the vehicle. The assured was compelled to sue on his policy and he was successful in proving his entitlement to amounts in excess of the repairs authorized by the insurer. The refusal to

pay for the loss in value was without just cause or excuse and the allowance of attorney fees was proper.

One additional matter must be considered. The parties to this appeal do not deny that the original cost of the repairs to the camper came to $2,197.43, and that Farmers was liable under its policy for all but $100.00 of that amount. It is likewise agred that the policy issued to Venable on which the present action is based required him to pay the first $100.00 on repairs in case of a collision and that said amount has not been paid. Although we find nothing in the special questions or in the verdicts returned by the jury from which we can say such amount was found due and owing from Venable on the repairs we hesitate to remand the case for further proceedings on such a small matter over which there seems little if any valid dispute. The item appears to have been overlooked in both the court's instructions and in the jury's verdicts.

K. S. A. 60-2105 provides:

"The appellate court shall disregard all mere technical errors and irregularities which do not affirmatively appear to have prejudicially affected the substantial rights of the party complaining, where it appears upon the whole record that substantial justice has been done by the judgment or order of the trial court; and *in any case pending before it, the court shall render such final judgment as it deems that justice requires,* or direct such judgment to be rendered by the court from which the appeal was taken, without regard to technical errors and irregularities in the proceedings of the trial court." (Emphasis supplied.)

It appears upon the whole record before us that substantial justice requires that the final judgment in this case include payment for repairs by Venable to Import VW of the amount of this $100.00 deductible due from him under the policy.

In summary and in accordance with the views expressed herein the judgments of the trial court dated December 10, 1971, are affirmed and modified as follows: (1) The amount of the judgment awarded for loss of use of plaintiff's vehicle ($6,000.00) is reversed because of insufficiency of evidence to support the same; (2) The judgment in favor of plaintiff Venable against the Defendant, Farmers Insurance Exchange, in the amount of $820.00 for the difference in value of the vehicle immediately prior to the collision and after the repairs, and the judgment in the further amount of $2,700.00 for attorney fees is affirmed; (3) The judgment of defendant and cross-claimant, Import Volkswagen, Inc., against the defendant, Farmers Insurance Exchange, in the amount of $2,097.43

less the offset of $171.83, leaving a net sum due on the judgment of $1,925.60, is affirmed; (4) The defendant and cross-claimant, Import Volkswagen, Inc., is granted judgment against the plaintiff, Jesse S. Venable, in the amount of $100.00, such being the agreed amount of the deductible provided in the policy of insurance on which suit was filed.

Accordingly the judgment stands affirmed as modified.