(601 P.2d 9)
No. 49,968

Russell Shultz, *Appellant,* v. Harold Edwards; Albert Eugene Upton a/k/a Gene Upton; Upton Industries Incorporated; Upton Industries, Inc.; Gene Upton International, Inc., *Appellees.*

Opinion filed October 12, 1979.

*William L. Fry,* of Shultz, Fry & Fisher, of Wichita, for appellant.

*Jerry L. Griffith,* of Derby, for appellee Harold Edwards.

*Warren R. Southard,* of Wichita, for appellees Albert Eugene Upton, *et al.*

Before Meyer, P.J., Rees and Spencer, JJ.

Meyer, J.: This is an action for breach of an attorney-client contingency fee contract and for conspiracy brought by appellant Russell Shultz (Shultz) against appellee Harold Edwards (Edwards), and for conspiracy and inducement of breach of contract against appellees Albert Eugene Upton a/k/a Gene Upton; Upton Industries Incorporated; Upton Industries, Inc.; and Gene Upton International, Inc. (Upton).

The issue is whether the court erred in directing a verdict for Edwards and Upton on the basis that Shultz failed to show damages.

The rule applicable to a ruling on a motion for directed verdict has been stated as follows:

"[T]he court is required to resolve all facts and inferences reasonably to be drawn from the evidence in favor of the party against whom the ruling is sought, and where the evidence is such that reasonable minds could reach different conclusions thereon, the motion must be denied and the matter submitted to the jury. The same basic rule governs appellate review of a motion for a directed verdict." *Care Display, Inc. v. Didde-Glaser, Inc.,* 225 Kan. 232, Syl. ¶ 5, 589 P.2d 599 (1979).

In this case, there was no evidence indicating the marketability of the units which were the underlying subject of the dispute between the parties, no evidence as to how many units had been sold to the date of trial, and no evidence of past comparable sales.

Moreover, there was no evidence presented as to how many hours or what other effort Shultz had put into the case.

Quantum meruit is not limited to mere determination of time spent or of cost, or indeed how long the employment existed. Quantum meruit is defined in Black's Law Dictionary 1408 (4th ed. rev. 1968), as being: "As much as he deserved . . . [and that] defendant [is] to pay the plaintiff *as much as he* reasonably *deserved* to have for his labor." Whether appellant's damages are based on quantum meruit, breach of contract, or any other theory, there must be proof of damages.

One who claims damages on account of a breach of contract must not only show the injury sustained, but must also show with reasonable certainty the amount of damages suffered as a result of the injury or breach. *Venable v. Import Volkswagen, Inc.,* 214 Kan. 43, 50, 519 P.2d 667 (1974). Here, the amount of damages sustained required proof of actual or anticipated sales of the leveling device. Assuming a finding that Shultz was entitled to recover for breach of contract, ascertainment of damages, either at the 10 cents per unit sold figure for which Shultz had received an offer or on the 12½ cents per unit sold figure provided by the eventual contract entered into by Edwards and Upton, necessitated proof of the value of this computation. That simply was a question of past and future sales. At best, the evidence was too conjectural to permit an award of damages.

The only other theory upon which Shultz could recover would be on time spent, and he testified he had no idea of the time he spent in the matter. Thus, damages on a "time spent" basis were also impermissibly conjectural.

The situation at hand is analogous to loss of profit cases. Loss of profits resulting from a breach of contract may be recovered as damages when such profits are proved with reasonable certainty, and when they may reasonably be considered to have been within the contemplation of the parties. Recovery for loss of profits in such a situation depends upon the facts and circumstances of each particular case. *Vickers v. Wichita State University,* 213 Kan. 614, 618, 518 P.2d 512 (1974). Absolute certainty in proving loss of profits is not required. What is required is that the court or jury be guided by some rational standard. Further, the court should see that speculative and problematical evidence does not reach the jury. 213 Kan. at 620.

Shultz failed to present evidence which could provide some "rational standard" for the jury to determine the amount of his damages. No evidence was presented as to the likelihood that enough levelers would be sold to fill out the total amount of Edwards' royalty, and Shultz's monetary damages as he claimed them to be were dependent upon that royalty. Such evidence might have been available, even though the business was new.

The verdict was not granted because damages *could not* be proved, but because they *were not* proved. Shultz simply failed to give proof of his damages. Therefore, we do not address the issue of whether Shultz could only have recovered the reasonable value of his services or could have recovered on the contract for 50 percent of any amount to be realized by Edwards, since Shultz failed to produce proof under either theory sufficient to allow damages.

As to Shultz's claim against Upton for interference with contractual relations, the trial court held that his conduct in inducing Edwards to terminate the employment contract with Shultz was privileged.

This court need not determine the question of privilege since Shultz failed to prove damages. Such a failure precludes recovery even if Upton's conduct is not privileged. If Shultz could recover against Upton, he would be entitled to damages measured by the amount he would have received under the contract had Upton not interfered with it. Thus, Shultz had to prove the same damages against Upton which he had to prove against Edwards. His proof failed as to both.

Affirmed.