**BOYD MOTORS, INC., Plaintiff,**

v.

**EMPLOYERS INSURANCE OF WAUSAU, Defendant.**

**Civ. A. No. 85–2370–S.**

United States District Court,
D. Kansas.

July 8, 1987.

Eldon Boisseau, Hal D. Meltzer/Len Frischer, Turner & Boisseau, Wichita, Kan., for plaintiff.

Paul Hasty, Jr., Wallace, Saunders, Austin, Brown and Enochs, Chtd., Overland Park, Kan., for defendant.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on various motions of the parties. The court will first address the defendant's motion in limine. While the motion is captioned Motion in Limine, essentially the motion constitutes a motion for summary judgment. The court will therefore treat it as such.

A moving party is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. Fed.R.Civ.P. 56(c); *Maughan v. SW Servicing, Inc.*, 758 F.2d 1381, 1387 (10th Cir.1985). An issue of fact is "material" only when the dispute is over facts that might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986). The requirement of a "genuine" issue of fact means that the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* Thus, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Id.* The court must consider factual inferences tending to show triable issues in the light most favorable to the existence of those issues. *United States v. O'Block*, 788 F.2d 1433, 1435 (10th Cir.1986). The court must also consider the record in the light most favorable to the party opposing the motion. *Bee v. Greaves*, 744 F.2d 1387, 1396 (10th Cir. 1984), *cert. denied*, 469 U.S. 1214, 105 S.Ct. 1187, 84 L.Ed.2d 334 (1985). The language of Rule 56(a) mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that

party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 2552–54, 91 L.Ed.2d 265 (1986).

For purposes of this motion, the following facts are uncontroverted:

1. The defendant, Employers Insurance of Wausau, issued a commercial inland marine insurance policy to Volkswagen Credit, Inc.

2. Volkswagen purchased the policy so it could surcharge the policy and thereby provide coverage to automobile dealers who floor-planned their new car inventory with Volkswagen Credit, Inc.

3. Plaintiff claims coverage under the policy for certain vehicles that plaintiff floor-planned with Volkswagen Credit, Inc.

4. Plaintiff is an automobile dealer whose new-car inventory was severely damaged by hail.

5. The defendant paid $103,160.41 to Volkswagen Credit, Inc. on plaintiff's claim for the floor-planned automobiles, based on the cost of repairing the damaged vehicles.

6. Plaintiff seeks an additional $40,-609.48 based on its claim that the vehicles are worth less after the damage and repairs than the vehicles were worth before the damage.

7. Plaintiff claims that the repairs do not put the vehicles in the same condition as they were when they were new.

8. The policy at issue in this case is the inland marine insurance policy. The terms of the insurance policy provide the following:

    5. This policy insures against all risks of *direct physical loss or damage* to the insured automobiles, except:
        a. Loss or damage caused *directly or indirectly* by:
        ....
        c. loss or damage resulting from delay, *loss of market,*....

    6. Limit of Liability—the limit of liability under this policy for any one disaster or casualty at any one location shall not exceed $3,000,000.... provided however that in no case shall the

Company be liable for any *dealer's prospective profit or overhead charges of any nature whatsoever....*

*Id.* (Emphasis Added).

It is the position of the defendant that plaintiff's claim for $40,609.48 does not fall within the terms of coverage of the insurance policy because the claim is not "direct physical loss or damage." In addition, the defendant contends that even if such a claim would be considered direct physical loss or damage, the policy specifically excludes such loss because it is a "loss or market" within the meaning of the exclusionary provisions of the policy.

In response to defendant's motion in limine, the plaintiff claims that the repairs paid for by the defendant did not put the vehicles in the same condition as they were when new. The plaintiff then cites the decision in *Venable v. Import Volkswagen, Inc.,* 214 Kan. 43, 519 P.2d 667 (1974) for the proposition that when an insurance company elects to repair a vehicle, and the repair fails to restore the vehicle to the condition it was in prior to the damage, the insurance company is liable for the dimunition in value of the vehicle. Plaintiff states that it is seeking to recover the wholesale value of the automobiles immediately before the damage, less the value of the automobiles after the repairs. Plaintiff claims this is covered under the policy as it is a "direct physical loss." Plaintiff further contends that the term of exclusion, "loss of market," is an ambiguous term and should not be construed to mean loss in market value. Based on plaintiff's contention that loss of market is an ambiguous term, plaintiff argues that the policy must be construed in favor of the plaintiff.

■ After reviewing analogous case law, the court finds that as a general rule, recovery in cases of damages to an automobile is limited to the cost of repair. *Volkswagen of America, Inc. v. Robertson,* 713 F.2d 1151, 1168 (5th Cir.1983). Where an award of cost of repair is a measure of damages to an automobile, additional damages may be recovered for the dimunition of value by virtue of the vehicle having

been involved in an accident, provided proof of such diminished value may be made. *Id.* (quoting *Traders & General Insurance Co. v. Robison,* 289 So.2d 178, 185 (La.App. 1st Cir.1973)). The court finds that the decision cited by the plaintiff, *Venable v. Import Volkswagen, Inc.,* 214 Kan. 43, 519 P.2d 667 (1974) is instructive on the issue before this court. In *Venable,* the court stated that when an insurer makes an election to repair or rebuild under a "repair, restore or replace clause" in its policy, the insurer is then obligated to put the vehicle in substantially the same condition as it was prior to the collision so as to render it as valuable and as serviceable as before. *Id.* at 48, 519 P.2d 667. *See also MFA Insurance Co. v. Citizens National Bank of Hope,* 260 Ark. 849, 545 S.W.2d 70 (1977) (if repairs would not restore vehicle to its former market value, proper measure of damages is difference in market value before and after). A distinction must be made, however, between the case law dealing with a consumer and its insurance company and the present case which involves dealings between a car dealer and the inland marine insurer.

■ The parties are correct in stating that there is no case law which directly addresses the issue presently before this court. As stated in the decision of *Venable,* the liability of an insurer is based on its contract, subject to conditions imposed on the contracting parties by regulation and statute. Based on the fact that the insurer's liability is contractual, it follows that in an action for damages brought upon a contract of insurance, the provisions of the contract generally govern the measure of recovery, rather than rules relating to damages and tort cases. *Venable,* 214 Kan. at 46–47, 519 P.2d 667. In construing an insurance policy, the overriding principle pertaining to the construction and interpretation of the contract is that the intention of the parties should control. The insurance policy is a contract and thus any action based thereon must be governed by the terms of the policy.

Where the provisions of the contract are plain and unambiguous upon their face, they must be applied as written, and the court will not pervert or do violence to the language used, or expand it beyond its plain or ordinary meaning or add something to the contract which the parties have not put there.

*Cagle v. Home Insurance Co.,* 14 Ariz. App. 360, 483 P.2d 592, 595 (1971) (quoting *D.M.A.F.B. Federal Credit Union v. Employers Mutual Liability Insurance Co. of Wisconsin,* 96 Ariz. 399, 396 P.2d 20, 23 (1964)). Under the rules of construction, it is necessary to read the basic policy as a whole to arrive at the intent of the parties. *Id.* 483 P.2d at 597.

■ The court has reviewed the policy at issue. Paragraph 4 of the commercial inland marine policy states:

THE COMPANY SHALL NOT BE LIABLE BEYOND THE ACTUAL CASH VALUE OF THE PROPERTY AT THE TIME ANY LOSS OR DAMAGE OCCURS AND THE LOSS OR DAMAGE SHALL BE ASCERTAINED OR ESTIMATED ACCORDING TO SUCH ACTUAL CASH VALUE WITH PROPER DEDUCTION FOR DEPRECIATION, HOWEVER CAUSED, AND SHALL IN NO EVENT EXCEED WHAT IT WOULD THEN COST TO REPAIR OR REPLACE THE SAME WITH MATERIAL OF LIKE KIND AND QUALITY.

The rider, which governs the floor plan insurance, further provides in paragraph 5:

*This policy insures* against all risk of direct physical loss or damage to the insured automobiles, except:

. . . .

(c) Loss or damage resulting from delay, loss of market, bankruptcy, foreclosure, or similar proceedings; . . . .

Paragraph 6 of the floor plan insurance policy states that a limit of liability under the policy shall not exceed the amount required to be reported in the monthly statement required. It further provides that in no case shall the company be liable for any dealer's prospective profit or overhead charges of any nature whatsoever, or for an amount exceeding the wholesale value of any automobile insured hereunder.

The defendant contends that the term "loss of market" excludes plaintiff's claim for the amount of $40,609.48. Plaintiff argues that this term is ambiguous. The court realizes that ambiguous provisions in insurance policies must be construed against the insurer. This principle, however, becomes applicable only when, after considering the policy provisions as a whole, it is not possible for the court to ascertain the meaning of the language used when applied to the facts before the court. *See Stephan v. Allstate Insurance Co.*, 26 Ariz.App. 367, 548 P.2d 1179, 1182 (1976). While the court finds that the term "loss of market" was not specifically defined in the policy provisions itself, the meaning is clear.

As the court stated earlier, the terms of the policy and the intent of the parties in agreeing to the policy controls. The court therefore finds that while under a conventional repair and replacement policy the defendant would be liable for the dimunition in value of the automobiles in question, the court must now determine whether the provision excluding damages for loss of market excludes recovery by the plaintiff of the requested sum of $40,609.48. After reviewing the policy, the court finds that it does. The court finds that this is not a standard automobile collision policy. In fact, it is a manuscript policy providing floor plan insurance. The court finds that the term "loss of market" as provided in paragraph 5(c) of the floor plan insurance is clear and unambiguous as to the meaning of loss of market. From the court's review of case law involving the concept of loss of value of a car, it is clear that the dimunition and value which occurs after an accident, despite repairs, clearly is defined as loss in market. *See Volkswagen of America, Inc. v. Robertson*, 713 F.2d 1151, 1168 (5th Cir.1983).

The dimunition in value of the cars, if any, was caused by property damage as defined in the policy. This policy specifically excludes coverage, however, for dimunition in value. The exclusionary provision provides that loss or damages caused directly or indirectly by loss of market are excluded. The court finds that if the policy had not intended to exclude dimunition in value or loss of market value, it would not have so explicitly provided. *Cf. Missouri Terrazzo v. Iowa National Mutual Insurance*, 566 F.Supp. 546, 553 (E.D.Mo.1983). The court must interpret the contract as a whole.

In the court's opinion, the terms of the contract are not ambiguous when read together. Based on this finding, the court does not have the liberty of construing the policy provisions in a manner other than as they were written. The court further finds significant the fact that this case does not involve an individual consumer and an insurance company. It was an inland marine policy issued to a financial institution. Thus, the court assumes that the party involved in this action and parties to the insurance contract are more sophisticated and were more cognizant of the meaning of the terms of the policy. The court therefore finds that loss of market or dimunition in the value of the cars due to the damage incurred by hail is excluded by the terms of the policy. The court therefore finds that defendant Employers Insurance of Wausau's motion in limine or motion in summary judgment is granted.

The defendant has also filed a separate motion in limine, moving the court for an order directing that there be no argument, testimony or evidence on plaintiff's claims of breach of duty of good faith and fair dealing, and reasonable and timely investigation. The court finds that this motion should also be granted. It is clear that Kansas law does not recognize a cause of action for the tort of bad faith or reasonable investigation. *United of Omaha Life Insurance Co. v. Reed*, 649 F.Supp. 837, 839 (D.Kan.1986) (citing *Spencer v. Aetna Life & Casualty Ins. Co.*, 227 Kan. 914, 926, 611 P.2d 149, 158 (1980)). Thus, the plaintiff Boyd Motors may not recover under this cause of action and the claim for bad faith must be dismissed. The court further finds that Boyd Motors' claim for punitive damages should also be stricken. Damages for breach of contract are limited to pecuniary losses sustained and exemplary or punitive damages are not recoverable

in the absence of an independent tort. *Id.* at 839 (quoting *Guarantee Abstract & Title Co. v. Interstate Fire & Casualty Co.,* 232 Kan. 76, 79, 652 P.2d 665, 667 (1982)). The plaintiff's claim for punitive damages must therefore be dismissed.

The court notes that the plaintiff has filed various motions, including a motion to substitute witness, motion to compel deposition testimony and motion for sanctions. Plaintiff has also filed a motion for reconsideration and a supplemental motion to continue the trial. The court finds that the motion for reconsideration and the supplemental motion to continue trial should be denied. The court is uncertain of the status of the case in light of the rulings above. Rather than rule on the plaintiff's motions to substitute witness and compel deposition testimony, and the motion for sanctions, the court will take these motions under advisement, pending the plaintiff's notification to the court of the status of this case.

IT IS BY THE COURT THEREFORE ORDERED that defendant Employers Insurance Company of Wausau's two motions in limine are hereby granted. IT IS FURTHER ORDERED that plaintiff's claim of breach of duty of good faith and fair dealing and claims for punitive damages are hereby dismissed. IT IS FURTHER ORDERED that plaintiff Boyd Motors, Inc.'s motion for reconsideration and supplemental motion to continue trial is hereby denied. Plaintiff is further directed to notify this court within five (5) days from the date of this order as to the status of this case. Pending notice of the status by the plaintiff, the court will rule on the outstanding motions of the plaintiff.