**WHITE, MARTIN AND ASSOCIATES, P.E., Plaintiff,**

v.

**KANSAS CITY POWER & LIGHT COMPANY, Defendant.**

**No. 93–2186–KHV.**

United States District Court, D. Kansas.

Nov. 29, 1993.

Lelyn J. Braun, Topeka, KS, for plaintiff.

Michael A. Rump, Kansas City Power & Light Co., Kansas City, KS, for defendant.

### MEMORANDUM AND ORDER

VRATIL, District Judge.

This matter comes before the court on *Defendant Kansas City Power & Light Company's Motion for Partial Summary Judgment* (Doc. # 7). Defendant Kansas City Power & Light Company ("KCPL") argues that, under Kansas law, plaintiff White, Martin and Associates ("White Martin") cannot recover lost profits on its negligence claim.

White Martin, an engineering firm, was responsible for the site design of the Pace Membership Warehouse ("Pace Store") located at 5150 Roe Avenue, Roeland Park, Kansas. KCPL had underground electrical facilities located at the Pace Store site. White Martin claims that KCPL was negligent in not timely advising it of the existence and location of the underground electrical facilities. White Martin further claims that, as a result of KCPL's negligence, it incurred $6,502 in additional expenses and lost $475,456 in future business from the K–Mart Corporation.

KCPL argues that White Martin cannot recover lost profits because White Martin has not alleged breach of contract or tortious interference with a business relationship. KCPL contends that White Martin cannot recover lost profits on a mere negligence claim. Under Kansas law, however, the underlying principles governing damages are the same for tort and contract actions, and "there may be recovery for loss of profits consequent upon tort if they are such as may naturally be expected to follow from the wrongful act and if they are certain, but there may be no recovery where the profits are uncertain, speculative or remote." *Billups v. American Surety Co.*, 173 Kan. 646, 649, 251 P.2d 237, 239–240 (1952); *see also Peterson v. Bachar*, 193 Kan. 161, 166–167, 392 P.2d 853, 857 (1964); *Avery v. City of Lyons*, 183 Kan. 611, 621, 331 P.2d 906, 913–914 (1958).

Under these authorities, White Martin may recover lost profits caused by the alleged negligence of KCPL, if such profits are reasonably certain and are the natural and probable result of the alleged negligence.[1]

**IT IS THEREFORE ORDERED** that *Defendant Kansas City Power & Light Company's Motion for Partial Summary Judgment* (Doc. # 7) should be and hereby is overruled.

---

1. Whether such lost profits are reasonably certain and the natural and probable result of KCPL's alleged negligence is not before the court on the present motion.