WILLIAM MEYER et ux., Appellees, v. THE CITY OF
ROSEDALE, Appellant, and JULIUS TURNER.

No. 16,906.

SYLLABUS BY THE COURT.

1. DAMAGES—Negligent Injury to a Building. The measure of
damages for injuries done to a building may differ according
to the facts in each case. Under the evidence in this case the
rule prescribed by the court, that the amount of damage, if
any, should be the cost of restoring the building to the same
condition in which it was before the injury occurred, is the
correct rule.

2. INSTRUCTIONS—Immaterial Error. Where on the trial of a
case numerous instructions are given, one or more of which
contain clauses which are susceptible of a construction which
would be misleading to the jury, still, if the instructions as a
whole, considered together, as they should be, make it appar-
ent that the doubtful instruction may and should be so con-
strued as properly to direct the jury, the case will not be
reversed by reason of the doubtful instruction.

Appeal from Wyandotte court of common pleas.
Opinion filed March 11, 1911. Affirmed.

S. R. Williamson, and T. L. Carns, for the appellant.

John A. Hale, Henry E. Dean, and Richard J. Hig-
gins, for the appellees.

The opinion of the court was delivered by

SMITH, J.: Meyer and wife brought this action
against the city to recover damages to their residence
property by reason of the alleged negligent manner
in which the city graded the street—making a deep
cut—upon which their property fronted, and, by rea-
son of such negligence, alleged that the earth in front
of their dwelling caved in and slipped and injured
their property to the extent of $2000. The case was
tried in the court of common pleas to a jury, and re-
sulted in a verdict and judgment in favor of the plain-
tiffs for $1400. The city appeals.

The appellant contends that the grading was done in accordance with a petition signed by Meyer and other resident property owners, and that it was the duty of the plaintiffs to protect their property from the accident which occurred by building a retaining wall along the street at the front. On the other hand, the plaintiffs contend that the grading was done from time to time; that the street was kept in such condition, and there was such an amount of earth left for weeks immediately in front which had to be removed, that it was impracticable for them to build the retaining wall while the work was in progress. There is no contention but that the earth did slip in front of the house; that the house, which was built of stone, was cracked on two sides; that the pillars to the porch were undermined; that the front doors were placed in such condition that they would not open or shut; and that the plaintiffs, for a short time, moved out of the house, in which they had resided.

There are twenty-one assignments of error, but only eight are argued in the brief. It is contended that the court erred in giving instruction No. 7, in which, after stating to the jury that the plaintiffs were estopped from recovering damages by reason of the grading of the street to the established grade, which was some distance below the surface line of their property, added the following: "and [you] are not to consider the same except in so far as the depth of the cut made in front of their said premises may have relation to any slipping or sliding of the earth, if any, in the matter of the prosecution of the work of the grading in question." It is said the quoted words instruct, inferentially, that if the depth of the cut had any relation to the slipping or sliding of the earth the plaintiffs might recover by reason of the grading, even if properly done. Taken alone, this instruction might be construed so to read. In other instructions the jury were told that the plaintiffs could not recover on ac-

count of the grading, but assumed the risk thereof, unless such grading was done in a negligent and improper manner. Instruction No. 9 is very explicit. It reads:

"If you find from a preponderance of the evidence that the said defendant city let the contract to one Julius Turner to grade the street in question, and that the said contractor proceeded with said grading under the direction of the city engineer with all reasonable care and dispatch, and without any more delay than was reasonable, occasioned by reason of the frost and inclemency of the weather during the winter season, which prevented the prosecution of said work, and that such grading was done by the contractor in accordance with the request of the plaintiff in his petition to said city upon the line of the established grade of said street in front of plaintiffs' said property, and the injury and damage to plaintiffs' house, if any, was not occasioned by reason of any unreasonable delay in the prosecution of said work of grading by said contractor, then the plaintiff can not recover, and your verdict must be for the defendant city."

It is contended that the court erred in giving instruction No. 12, in regard to the measure of damages, it being stated therein that if the jury found that the plaintiffs were entitled to recover they should "allow them such reasonable sum as the evidence shows they have been damaged, that is to say, such reasonable sum as the evidence shows will be required to repair said property and place it in the same condition in which it was immediately prior to the time of the happening of the injury and damage, if any, not exceeding the sum of $2000." The jury had, under the order of the court, gone in a body to see the property, and there was much evidence as to the condition of the building. One witness, who qualified as an engineer, testified that in his opinion the damaged condition of the house was due to the grading of the street; that the house was, at the time of trial, unsafe for habitation.

It is further contended by the appellant that the measure of damages, if damage be shown by the negligence of the city, is the difference in value of the property as it was immediately before and immediately after the injury. The proper measure of damages is different in different cases, depending upon the particular facts. In a stone building, for instance, if a stone should be cracked by another than the owner, at or near the foundation thereof, in such a manner as slightly to depreciate the appearance and value of the building, but not to injure the occupancy, the rule contended for by the city would undoubtedly be right, and the rule prescribed by the court in this case would be wrong. To restore the building to the same condition as it was before the injury, in the case supposed, might require the tearing down of a large portion of the building and the incurring of large expense, while the damage to the actual use or value of the property might be very slight. In support of the city's contention *Kerns v. Kansas City,* 79 Kan. 562, is cited. Under the facts of that case the rule there stated still meets our approval, but, under the facts of the case supposed above, it would not afford a correct rule. As before said, the proper measure of damages depends largely upon the facts of each particular case.

The plaintiffs produced evidence as to what would be necessary to put the house in as good condition, practically, as it was before, and furnished estimates of the cost, which evidence tended to show that it was necessary to rebuild the front of the house. The city offered no evidence to show that the cost of the proposed repairs would exceed the difference in the value of the property immediately before and after the injury, or that the house could be repaired so as to make it habitable and salable without rebuilding the foundation and front of the house. While, as before said, the rule laid down by the court as to the measure of

20—84 KAN.

damages would not be applicable in every case, under the evidence in this case we think it is correct.

It is also contended that in instruction No. 11 the court shifted the burden of proof upon the city to show that the settling of the walls of the house was caused by improper construction or defective material, or some cause other than the alleged negligence of the city in the manner of the grading. While, as before said, this instruction, read alone, might be susceptible of the construction given it by the city, yet, if read in connection with the other instructions, especially Nos. 2 and 3, which, in effect, tell the jury that the burden of proving all of the facts necessary to their recovery rests upon the plaintiffs, we think the jury were not misled. It may also be said there was substantially no evidence of any defect in the foundation wall or of any other cause for the settling of the walls than the slipping or sliding of the earth.

Again, it is contended that instruction No. 8 assumes to cover the entire law of the case, and omits some matters that should have been included therein. We do not think that it is true that this instruction assumes to cover the entire law of the case. There were numerous instructions, and, all read together, as they should be, they seem to be fair and to include no substantial error.

The remaining objections and the brief relating thereto go to the discussion of the introduction and admission of evidence, and to the credibility of witnesses. We have read the evidence and the objections and find nothing calling for special mention, and think that no substantial error was committed.

The judgment is affirmed.