Sarah Gorham Foster, *Appellant,* v. G. Humburg, doing business as Culligan Soft Water Service of Hays, and C. A. Mermis, doing business as C & B Service Company, *Appellees.*

## No. 40,175

Darrell A. Cantwell and Mrs. Darrell A. Cantwell, *Appellants,* v. G. Humburg, doing business as Culligan Soft Water Service of Hays, and C. A. Mermis, doing business as C & B Service Company, *Appellees.*

(299 P. 2d 46)

·Opinion filed June 30, 1956.

*John A. Bausch,* of Topeka, argued the cause, and *L. M. Ascough,* and *C. K. Sayler,* both of Topeka, and *Harold W. McCombs,* of Russell, were with him on the briefs for the appellants.

*Jerry M. Ward,* of Great Bend, argued the cause, and *S. R. Blackburn,* and *Tudor W. Hampton,* both of Great Bend, and *Marvin E. Thompson, George W. Holland,* and *Clifford R. Holland, Jr.,* all of Russell, were with him on the briefs for the appellees.

The opinion of the court was delivered by

WERTZ, J.: These two consolidated appeals arise out of actions brought to recover damages to real and personal property occasioned by an explosion and fire. The two cases are identical as far as the questions involved herein are concerned.

The appellants will be hereafter referred to as plaintiffs, and the appellees as defendants.

In case No. 40,174, plaintiff Foster, owner of the dwelling in question, seeks to recover damages to her house, loss of rental, and prays for damages in the amount of $995.15.

In case No. 40,175, plaintiffs Cantwell, tenants of Foster, seek to recover damages to their personal property, cost of moving to another house, additional living and travel expenses, and pray for damages in the amount of $1,788.31.

The original petition in each case further alleged, in substance, that the defendant G. Humburg, doing business as Culligan Soft Water Service, installed a soft water service tank in the basement of the dwelling owned by Foster and rented by Cantwells. The tank and equipment were the sole property of Humburg, and under contract, defendant Humburg serviced and took care of the tank and equipment. After the tank was installed it began to leak and flooded the basement; that upon being notified of the leak in the tank, defendant Humburg's service man installed a new tank and advised plaintiffs they would have the basement pumped out. Two employees of defendant C. A. Mermis, doing business as C & B Service Company, arrived at plaintiffs' home and began operations to pump out the basement with a gasoline pump. There was a gas-operated

hot water heater in the basement affixed to a concrete slab. Defendant Mermis's employees took the gasoline pump to the basement and placed it upon the concrete slab adjacent to the gas-operated hot water heater, and either spilled or permitted gasoline to leak from the pump and catch fire, explode and damage plaintiffs' property. It was further alleged that defendant Mermis and his employees were hired by and either subcontractors of the defendant Humburg, or direct employees and under the direction and control, acting for and in behalf of defendant Humburg. Paragraph 6 reads:

"6. Plaintiff further states that the negligence of the defendants and each of them was the proximate cause of the fire, explosion and subsequent damage to the property of the plaintiff in the following particulars:—"

Three specific acts of negligence on the part of the defendants, and each of them, were alleged in detail. Paragraphs 7 and 8 read:

"7. Plaintiff further states that a fire and explosion resulted from the negligence of the defendants above described and damaged her property to the extent and damage as set out herein, and attached to and made a part of this petition and marked Exhibit A, amounting to $875.19.

"8. Plaintiff further states that said dwelling was rented to Mr. and Mrs. Cantwell for the sum of $30.00 per month, and that as a result of the fire, explosion and damage, plaintiff lost rent for 4 months, amounting to total of $120.00."

The petition in each case closed with a prayer for damages in a specified amount. Exhibit "A" attached to the petition is an itemized statement of the damage to the property.

The defendants each filed a motion to strike the quoted paragraphs 7 and 8 of the petition for the reason that they were not proper allegations for the measure of damages. The motions were sustained and the paragraphs stricken. More than two years after the cause of action accrued, plaintiffs filed their amended petitions amplifying and enlarging the facts stated in the original petitions and increased the amount of damages prayed for. To the amended petitions, defendants filed motions to dismiss, which the trial court treated as demurrers, on the ground the amended petitions did not state a cause of action within the period of limitation, as provided by the statute. The trial court sustained each motion, holding that after its order striking paragraphs 7 and 8 from the original petitions, the only reference to damages left in those petitions was contained in paragraph 6, which was merely an allegation that there was damage to the plaintiffs' property. The trial court also held that a petition in an action for damages, which alleges no damages, does

not state a cause of action and, inasmuch as the amended petitions alleging damages and supplying the necessary essentials were filed more than two years after the cause of action accrued, such allegations could not relate back to the filing of the original petition, and the cause of action was therefore barred.

Plaintiffs appeal from the order of the trial court sustaining the defendants' motions to dismiss, which were treated as demurrers to the amended petitions, and from the prior orders and decisions of the trial court in sustaining defendants' motions to strike paragraphs 7 and 8 from their original petitions.

We will first consider whether plaintiffs' original petitions stated a cause of action, absent paragraphs 7 and 8. Section 60-704 of our code of civil procedure (G. S. 1949, ch. 60) provides that a petition must contain, *first,* the name of the court, county, and the parties plaintiff and defendant, followed by the word "petition"; *second,* a statement of the facts constituting the cause of action in ordinary and concise language without repetition, and *third,* a demand of the relief to which the party supposes himself entitled. Section 60-736 requires the allegations of a pleading to be liberally construed with a view to substantial justice between the parties.

In the instant case, the original petitions complied with the provisions of the code. They stated the names of the parties, their residence, the facts leading up to the fire and explosion, specified negligence on the part of defendants and, in paragraph 6, stated that such negligence of defendants was the proximate cause of the fire, explosion and subsequent damage to the property of the plaintiffs. The petitions closed with prayers for recovery of money in specified amounts.

While allegations of damages are essential in a petition, they do not constitute the "cause of action." The "cause of action" is the wrong done, not the measure of compensation for it, or the character of relief sought. A "cause of action" arises from a manifestation of a right or violation of an obligation or duty. (*Friederichsen v. Renard,* 247 U. S. 207, 62 L. Ed. 1075, 38 S. Ct. 450; *Travelers Fire Ins. Co. v. Ranney-Davis Mercantile Co.* (10th Circuit); 173 F. 2d 844; *Wright v. Brush,* 115 F. 2d 265.) Damage is not the cause of action. It is merely a part of the remedy which the law allows for the injury resulting from a breach or wrong. The "right of action" is merely the right to pursue a remedy, and the "cause of action" is the concurrence of the facts giving rise to an enforceable

claim. (*United States v. Standard Oil Co. of California*, 21 F. Supp. 645.) In the instant case the original petitions, absent paragraphs 7 and 8, stated a cause of action against the defendants.

Did the trial court err in striking paragraphs 7 and 8 from the petitions? At the outset it may be stated that one who commits a tortious act is liable for the injury and loss that are the natural and probable result of his wrongful act. (*Billups v. American Surety Co.*, 173 Kan. 646, 251 P. 2d 237.)

When personal property is damaged by the negligence of another, the rule for measuring damages should be applied that will reimburse the owner for the actual loss sustained, without giving him double damage for any portion. The specific rule applied must depend upon the facts in the case. The rule more frequently given, because more applicable, is the difference between its value before and immediately after the injury. However, where the damages can be entirely or partially repaired it is the duty of the owner to make such repairs and thus lessen his damage as much as possible and he is entitled to be reimbursed for the cost of such repairs. (*Wholesale Grocery Co. v. Kansas City et al.*, 115 Kan. 589, 224 Pac. 47.) The measure of damages for the negligent destruction of a building by fire, where there is no malice or willful wrongdoing, is the fair and reasonable value of the building at the time and place of its destruction. (*Kennedy v. Heat and Power Co.*, 103 Kan. 651, 175 Pac. 977.) In *Meyer v. Rosedale*, 84 Kan. 302, 113 Pac. 1043, it was stated:

"The measure of damages for injuries done to a building may differ according to the facts in each case. Under the evidence in this case the rule prescribed by the court, that the amount of damage, if any, should be the cost of restoring the building to the same condition in which it was before the injury occurred, is the correct rule." (Syl. ¶ 1.)

It is apparent that there is no one, set, fast rule for recovery of damages for the destruction or partial destruction of personal or real property occasioned by fire and explosion. The measure of damages depends upon the facts of the particular case.

A mere failure of a petition to allege facts showing the correct measure of damages does not render the petition bad as against a demurrer. If the petition discloses a cause of action for recovery of damages, it does not fail to state a cause of action simply because the plaintiff attempted to apply an improper rule for the measure of damages sustained. It is the duty of the court on the trial of the action to apply the correct rule, whatever that rule

may be under the evidence as disclosed in the case. (*Jones v. Cedartown Supply Company*, 65 Ga. App. 80, 15 S. E. 2d 268.) We are of the opinion the trial court erred in striking paragraphs 7 and 8 from the original petitions at that stage of the proceeding.

It is next contended the court erred in sustaining defendants' motions to dismiss the amended petitions, for the reason they were not filed within the two-year period of limitation. The court treated the motions as demurrers. Why defendants did not label them as such remains a mystery. Pleadings should be properly titled. If the pleading is intended for a demurrer, it should be so named so as to avoid citing lengthy authorities why it should be treated as a demurrer.

It is a well-established rule in this state that where the original petition alleges a cause of action but does so imperfectly and with insufficient detail, and the additional allegations of an amended petition are only an enlargement and amplification of the averments of the original by setting out more definitely that which was previously imperfectly pleaded and do not set up a new cause of action, the fact that the statute of limitations has run when the amended petition is filed is not a bar to recovery, for in such case the amended petition relates back to the date of filing of the original one. (*Smith v. LaForge*, 170 Kan. 677, 228 P. 2d 509; *Talbott v. Farmers Union Co-op Elevator*, 174 Kan. 435, 439, 256 P. 2d 856; *Sundgren v. Topeka Transportation Co.*, 178 Kan. 83, 283 P. 2d 444; *Maddox v. Neptune*, 175 Kan. 465, 264 P. 2d 1073.) The court erred in sustaining defendants' demurrers to plaintiffs' amended petitions.

Even if the court had been correct in striking the allegations of itemized damages from the original petitions, any subsequent amendment or allegation of damages would not be stating a new cause of action, and therefore would relate back to the time of the filing of the original petitions.

In the amended petitions, the plaintiffs increased their prayers for additional items of damages. It may be stated that an amendment to a petition enlarging the statement of damages and increasing the relief sought, does not introduce a new cause of action as far as the statute of limitations is concerned. (*Davison v. Eby Construction Co.*, 169 Kan. 256, 218 P. 2d 219.)

Defendants contend that inasmuch as plaintiffs failed to appeal from the order of the trial court striking paragraphs 7 and 8 from

the original petitions within the two-month period following the ruling, this court is without jurisdiction to review that question. In short, there is no merit to defendants' contention. Plaintiffs appealed from the trial court's order sustaining the demurrers to the amended petitions within time, and include in their notice of appeal error in overruling the motions to strike paragraphs 7 and 8 from their original petitions, and the cases are properly before this court.

G. S. 1955 Supp., 60-3314a, provides that when an appeal has been timely perfected, the fact that some ruling on which the appealing party complains was made more than two months before he perfected his appeal, shall not prevent a review of the ruling.

An aggrieved party who perfects a timely appeal from an order sustaining or overruling a demurrer to a petition, may have a review of prior rulings of which he complains, even though those rulings were made more than two months before the perfection of such appeal, provided that he gives notice he is appealing from such ruling. (*Brewer v. Hearne Motor Freight Lines, Inc.,* 179 Kan. 732, 297 P. 2d 1108; *Holmes v. Kalbach,* 173 Kan. 736, 252 P. 2d 603; *Herron v. Chappell,* 174 Kan. 350, 255 P. 2d 632; *Western Shale Products Co. v. City of Fort Scott,* 175 Kan. 643, 266 P. 2d 327.)

In conclusion it may be stated (1) the original petitions stated a cause of action; (2) the court erred in striking paragraphs 7 and 8 from the original petitions, and (3) the court erred in sustaining the demurrers to the amended petitions.

The judgment of the trial court is reversed, and the case is remanded with directions to the trial court to set aside its order sustaining defendants' demurrers to the amended petitions, and to direct the defendants to file their answers and to proceed with the trial of the actions in accordance with the views herein expressed.

It is so ordered.