**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 22, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

REORGANIZED FLI, INC.,

        Plaintiff - Appellee,

v.

THE WILLIAMS COMPANIES, INC.;
DYNEGY MARKETING & TRADE;
WILLIAMS MERCHANT SERVICES
COMPANY, INC.; WILLIAMS
ENERGY MARKETING & TRADING
COMPANY,

        Defendants - Appellants.

No. 20-3056

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**
**(D.C. NO. 2:05-CV-02389-JAR-GEB)**

---

Jennifer Caughey, Jackson Walker L.L.P., Houston, Texas (Robert T. Adams,
Steven D. Soden, and Mitchell F. Engel, Shook, Hardy & Bacon LLP, Kansas
City, Missouri; Joseph A. Fischer, III, Jay K. Wieser, Edwin Buffmire, and Adam
W. Aston, Jackson Walker L.L.P., Houston, Texas; and Patrick N. Fanning, Peak
Litigation, L.L.P., Kansas City, Missouri, with her on the briefs), for Defendants -
Appellants.

Leslie V. Pope, Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C., Washington,
D.C. (Michael J. Guzman, Kevin J. Miller, and T. Dietrich Hill, Kellogg, Hansen,
Todd, Figel & Frederick, P.L.L.C., Washington, D.C.; Thomas J. Brill, Law
Office of Thomas H. Brill, Leawood, Kansas; Gary D. McCallister, McCallister
Law Group, LLC, Chicago, Illinois; Isaac L. Diel, Sharp Law LLP, Overland
Park, Kansas; Eric I. Unrein, Cavanaugh, Biggs & Lemon, P.A., Topeka, Kansas;

and Donald D. Barry, Barry Law Offices, LLC, Donald D. Barry, Chartered, Topeka, Kansas, with her on the brief), for Plaintiff - Appellee.

Before **HARTZ**, **MURPHY**, and **McHUGH**, Circuit Judges.

**MURPHY**, Circuit Judge.

## I. Introduction

In 2005, Appellee Reorganized FLI, Inc.[1] ("Farmland") brought an action against Appellants alleging violations of the Kansas Restraint of Trade Act ("KRTA"). Farmland sought, *inter alia*, full consideration damages pursuant to Kan. Stat. Ann. § 50-115. In 2019, Appellants moved for summary judgment on Farmland's claims, arguing the repeal of § 50-115 operated retroactively to preclude Farmland from obtaining any relief. The Kansas District Court denied the motion for summary judgment but granted Appellants' motion for leave to file an interlocutory appeal with this court. In this interlocutory appeal, Appellants seek reversal of the district court's denial of summary judgment and a ruling ordering the district court to enter judgment in their favor.

---

[1]The named plaintiff in this action was J.P. Morgan Trust Company in its capacity as the Liquidating Trustee of the Farmland Industries Liquidating Trust.

Exercising jurisdiction pursuant to 28 U.S.C. § 1292(b), this court **affirms** the denial of summary judgment but for reasons different from those of the district court. Although we conclude § 50-115 applies retroactively to foreclose Farmland from recovering full consideration damages, Farmland is entitled to other relief if it prevails on the merits of its claims. Thus, the repeal of § 50-115 does not leave Farmland without a remedy and Appellants are not entitled to summary judgment.

## II. Background

On August 8, 2005, Farmland filed an action in Kansas state court alleging, *inter alia*, that Appellants engaged in anti-competitive conduct by conspiring to manipulate the price of natural gas, in violation of the KRTA, Kan. Stat. Ann § 50-112.[2] According to Farmland's complaint, Appellants' conduct distorted and artificially inflated the price Farmland paid for natural gas. After Appellants removed the matter to the United States District Court for the District of Kansas, Farmland filed an amended complaint. The matter was thereafter transferred to the United States District Court for the District of Nevada where it was consolidated with multi-district litigation addressing similar claims made by other plaintiffs (the "MDL Case"). In 2019, the matter was returned to the District of

---

[2]Farmland's complaint was brought pursuant to Kan. Stat. Ann §§ 50–101, –108, –112, –115, –117, and –161.

Kansas.

At the time Farmland's claims arose, Kansas law permitted "any person injured or damaged by any such arrangement, contract, agreement, trust or combination, described in [Kan. Stat. Ann § 50-112] . . . [to] sue for and recover . . . the full consideration or sum paid by such person." Kan. Stat. Ann. § 50-115 (repealed 2013). Plaintiffs who alleged violations of § 50-112 could also seek treble damages. *Id*. § 50-161(b). Farmland's amended complaint contains the following paragraph related to damages:

> During the relevant period of the antitrust violations by defendants and their co-conspirators, plaintiff purchased natural gas, and by reason of the violations alleged herein, paid more for natural gas than it would have paid in the absence of such antitrust violations. As a result, plaintiff has been injured. Plaintiff is seeking damages under the full consideration damage remedy of Kansas Statutes Annotated § 50-115 during the relevant time period, January 1, 2000 thru December 31, 2001, the exact dates being undetermined at this time. The amount of damages sustained by plaintiff is presently undetermined.

In its Prayer for Relief, the amended complaint also asked that Farmland "be awarded such other and further relief as [the] Court may deem necessary and appropriate." Section 50-115 was repealed in 2013, thereby eliminating full consideration damages for violations of § 50-112. Farmland did not amend its complaint after the statute was repealed to remove its request for full consideration damages.

-4-

In 2019, Appellants moved for summary judgment, asserting the repeal of full consideration damages applies retroactively, leaving Farmland with no available remedy and, thus, no viable suit. The district court denied Appellants' motion, concluding the repeal of § 50-115 operated only prospectively and, thus, Farmland remains entitled to full consideration damages if it prevails on the merits of its claims. The district court, however, certified for interlocutory appeal the question of whether the repeal of § 50-115 applies retroactively under Kansas law, noting there was substantial ground for difference of opinion.

## III. Discussion

### A. Standard of Review

This court reviews a district court's decision on a summary judgment motion de novo, applying the standard set out in Rule 56(a) of the Federal Rules of Civil Procedure. *Doe v. Univ. of Denver*, 952 F.3d 1182, 1189 (10th Cir. 2020). Under that standard, a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Because there is no assertion this matter involves a genuine dispute as to any material fact, our review is limited to determining if the district court correctly applied the law. *See Wolf v. Prudential Ins. Co. of Am.*, 50 F.3d 793, 796 (10th Cir. 1995); *see also*

*Knoll v. Olathe Sch. Dist. No. 233*, 439 P.3d 313, 315 (Kan. 2019) ("A statute's applicability presents a question of law.").

### B. Retroactivity Under Kansas Law

Both parties acknowledge Kansas law controls the analysis of whether the repeal of § 50-115 applies retroactively. They also agree the Kansas courts have not definitively decided the question. When an appeal presents an unsettled question of state law, we must ordinarily attempt to predict how the highest court would interpret the issue.[3] *Schrock v. Wyeth, Inc.*, 727 F.3d 1273, 1284 (10th Cir. 2013). We "may seek guidance from decisions rendered by lower courts in the relevant state, appellate decisions in other states with similar legal principles, district court decisions interpreting the law of the state in question, and the general weight and trend of authority in the relevant area of law." *Wade v. EMCASCO Ins. Co.*, 483 F.3d 657, 666 (10th Cir. 2007) (quotation and citations omitted).

Many decades ago, the Kansas Supreme Court held that unless there is legislative intent to the contrary, "when a change of law merely affects the remedy or law of procedure, all rights of action will be enforced under the new procedure without regard to whether they accrued before or after such change of

---

[3]Neither party has asked this court to certify the retroactivity question to the Kansas Supreme Court.

law." *Jones v. Garrett*, 386 P.2d 194, 199 (Kan. 1963). A change that affects the substantive rights of the parties, however, "operates prospectively unless its language clearly indicates that the legislature intended it to operate retroactively." *Norris v. Kan. Emp. Sec. Bd. of Review*, 367 P.3d 1252, 1257 (Kan. 2016) (quotation omitted). These general rules are applicable unless retroactive application of the statutory change would infringe vested rights and thereby violate due process. *Owen Lumber Co. v. Chartrand*, 73 P.3d 753, 756 (Kan. 2003) (noting the Kansas Supreme Court has repeatedly held that procedural and remedial statutes "will be given retrospective application only if such retrospective application will not affect a vested right of a party" (quotation and alteration omitted)); *Brennan v. Kan. Ins. Guar. Ass'n*, 264 P.3d 102, 113 (Kan. 2011).

The parties do not quarrel with any of these general principles of Kansas law. Their disagreement centers on whether § 50-115 was remedial or substantive. If substantive, the repeal operates prospectively under the general Kansas rule, and Farmland's right to full consideration damages if it prevails on the merits is unaffected. If remedial, however, the repeal operates retroactively unless the Kansas legislature intended otherwise or unless retroactive application would affect Farmland's vested rights. If applied retroactively, the repeal of § 50-115 will extinguish Farmland's ability to recover full consideration damages.

## C. Section 50-115's Full-Consideration Provision Was Remedial

The Kansas Supreme Court has held that "[s]ubstantive laws give or define the right, give the right or denounce the wrong, or create liability against a defendant for a tort committed." *Brennan*, 264 P.3d at 113. Substantive legislation that creates a cause of action is distinguishable from a provision entitling a party to recover damages if it prevails in its action. *Foster v. Humburg*, 299 P.2d 46, 50 (Kan. 1956) ("The 'cause of action' is the wrong done, not the measure of compensation for it, or the character of relief sought."). "Damage is not the cause of action. It is merely a part of the remedy which the law allows for the injury resulting from a breach or wrong." *Id*. Applying these principles of Kansas law, we conclude the full-consideration provision of § 50-115 was not a substantive provision because it did not create liability; it merely set out the remedy available to a plaintiff upon proof a defendant was liable for violating § 50-112.[4] This conclusion is supported by the express language used by the Kansas legislature in § 50-112 and § 50-115.

Section 50-112 provides as follows:

> Except as provided in K.S.A. 50-163, and amendments thereto, all arrangements, contracts, agreements, trusts, or combinations between persons made with a view or which tend to prevent full and free

---

[4]Our retroactivity analysis has no bearing on whether the damages provisions of the KRTA are procedural or substantive for purposes of *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938).

competition in the importation, transportation or sale of articles imported into this state, or in the product, manufacture or sale of articles of domestic growth or product of domestic raw material, or for the loan or use of money, or to fix attorney or doctor fees, and all arrangements, contracts, agreements, trusts or combinations between persons, designed or which tend to advance, reduce or control the price or the cost to the producer or to the consumer of any such products or articles, or to control the cost or rate of insurance, or which tend to advance or control the rate of interest for the loan or use of moneys to the borrower, or any other services, are hereby declared to be against public policy, unlawful and void.

Section 50-112 describes multiple arrangements that wrongly restrain competition in violation of Kansas public policy, plainly fitting within the definition of a substantive provision under settled Kansas law. *See Brennan*, 264 P.3d at 113. Section 50-115, on the other hand, did not define any right, denounce any wrongs, or create liability. It merely referenced § 50-112 and provided that once a litigant proved a defendant engaged in the conduct prohibited by § 50-112, he was entitled to damages equal to "the full consideration or sum paid . . . for any goods, wares, merchandise and articles included in or advanced or controlled in price by such combination, or the full amount of money borrowed."[5]  Kan. Stat.

---

[5]Section 50-115 also gave any person injured or damaged by the conduct set out in § 50-112 the right to "sue for" full consideration damages. But this appeal does not involve the question of whether a provision creating a private right of action is substantive or procedural. Further, the repeal of § 50-115 had no affect on the ability of "any person who may be damaged or injured by any agreement, monopoly, trust, conspiracy or combination which is declared unlawful by the Kansas restraint of trade act" to bring suit pursuant to Kan. Stat. Ann. § 50-161(b). And, more to the point, Appellants have not argued Farmland's suit

(continued...)

-9-

Ann. § 50-115 (repealed 2013).  The Kansas Court of Appeals has held that a provision setting "out the type of relief a [plaintiff] may obtain from the court and the procedure for doing so" is remedial.  *Dester v. Dester*, 335 P.3d 119, 123 (Kan. Ct. App. 2014).  The full-consideration provision of § 50-115 did just that and no more.

Relying on statements made by the Kansas Supreme Court in *Kleibrink v. Missouri-Kansas-Texas Railroad Co.*, 581 P.2d 372 (Kan. 1978), Farmland argues the repeal of § 50-115 affected the amount of damages recoverable for violations of the KRTA and, under Kansas law, amendments affecting the amount of damages are substantive.  The *Kleibrink* court addressed the question of whether an increase in the statutory limit recoverable in a wrongful death action applied prospectively or retroactively.  *Id*. at 378.  Concluding the statutory change applied prospectively, the Kansas Supreme Court adopted the position that "an increase, decrease or repeal of the statutory maximum recoverable in wrongful death actions is Not retroactive" because "[s]tatutory increases in damage limitations are changes in substantive rights and not mere remedial changes."  *Id*.

---

[5](...continued)
should be dismissed because the repeal of § 50-115 retroactively stripped Farmland of the right to bring a cause of action alleging a violation of §  50-112. Appellants have argued only that Farmland can no longer seek full consideration damages as a result of the repeal of § 50-115.  Accordingly, our review is limited to the damages provision of § 50-115.

at 378-79 (quotation omitted). As support for this conclusion, the *Kleibrink* court stated that "under [the Kansas] wrongful death statute, the death limitation is Not a measure of compensation. Instead, it is simply a limitation upon recovery." *Id*. at 379. It is not surprising that Kansas treats an increase in statutory damages as substantive. Such a change impacts the amount of a defendant's maximum liability based on legislative decree, not wrongful conduct. Thus, if applied retroactively, an increase in statutory damage limitations could increase a defendant's liability for past conduct without regard to the specifics of defendant's conduct or plaintiff's evidence of damages.

The situation presented here is not analogous to that in *Kleibrink* because the repeal of § 50-115 was not a change to a statutory damage limitation and did not, on its face, increase or decrease a defendant's liability for past conduct. It, instead, involved a change to the measure of compensation for violations of the KRTA by eliminating full consideration damages. The Kansas Supreme Court in *Kleibrink* made it clear that a statutory change to a measure of compensation is not substantive, expressly distinguishing the statutory "death limitation" from "a measure of compensation." *Id*. Thus, *Kleibrink* supports, rather than undermines,

the proposition that the repeal of § 50-115 applies retroactively because § 50-115 was remedial and not substantive.[6]

Farmland also relies on the decision of the United States Supreme Court in *Landgraf v. USI Film Products*, 511 U.S. 244 (1994). *Landgraf* involved changes made to Title VII by the Civil Rights Act of 1991, including the addition of the right to recover compensatory and punitive damages for violations of the statute. *Id*. at 247. Before the amendment, "the law did not then authorize any recovery of damages even though [the plaintiff] was injured." *Id*. at 250; *see also id*. at 252 ("Before the enactment of the 1991 Act, Title VII afforded only 'equitable' remedies. The primary form of monetary relief available was backpay."). After the amendment, a plaintiff was able to sue for "monetary relief for some forms of workplace discrimination that would not previously have justified *any* relief." *Id*. at 254. Because the new compensatory damages provision "effect[ed] a major expansion in the relief available to victims of employment discrimination" and

---

[6]For the same reasons, the Kansas Supreme Court's decision in *In re Estate of Laue*, 589 P.2d 558 (Kan. 1979), does not support Farmland's argument that the repeal of § 50-115 was substantive. *In re Estate of Laue* involved an amendment to the statutory allowance of a surviving spouse. *Id*. at 567. Like the change at issue in *Kleibrink*, the statutory amendment in *In re Estate of Laue* was substantive because it legislatively established the amount to which the surviving spouse was entitled. The Kansas Supreme Court noted "[t]he statutory allowance does not involve a mere remedy or procedure." *Id*. Again, that is not the situation presented in this matter because § 50-115 did not dictate a minimum or maximum damages award prior to its repeal.

"attache[d] an important new legal burden" to the conduct of the defendant occurring before its enactment, the Court held the amendment was substantive and did not apply retroactively. *Id*. at 255, 282-83. The Court characterized the amendments to Title VII made by the Civil Rights Act of 1991 as "creating a new cause of action" by "confer[ring] a new right to monetary relief on [employees] who were victims of a hostile work environment but were not constructively discharged." *Id*. at 283. The repeal of § 50-115, however, did not affect a plaintiff's right to recover compensatory damages for violations of the KRTA. That right existed before the repeal and continues to exist after. Neither did the repeal impose new duties on a defendant or expand the conduct prohibited by the KRTA. Thus, the analysis of the Supreme Court in *Landgraf* has no bearing on the question before us and does not alter our conclusion that the repeal of § 50-115 was remedial, not substantive.[7]

### D. The Repeal of § 50-115 Applies Retroactively

Having concluded § 50-115 was a remedial provision, not a substantive provision, we must now address whether its repeal applies retroactively. Kansas law on the point is clear: a remedial change applies retroactively by default unless there is clear legislative intent to the contrary or the retroactive application would

___

[7]Further, the Supreme Court's decision in *Landgraf* was not grounded in Kansas law and the issue currently before this court involves only a question of Kansas law.

affect a party's vested rights. *Owen Lumber Co.*, 73 P.3d at 755-56. As to the first part of this inquiry, there is no statutory language exempting the repeal of § 50-115 from retroactive application.

At the same time it repealed § 50-115, the Kansas legislature enacted a separate provision addressing the retroactivity of the changes made to §§ 50-101, 50-112, and 50-163. That provision, Kan. Stat. Ann. § 50-164, is still part of the Kansas Code and reads as follows:

> K.S.A. 50-163 and the amendments to K.S.A. 50-101 and 50-112 by this act shall be applied retroactively to any choses in action or defenses premised on any provision of the Kansas restraint of trade act amended or repealed by this act, and any such choses in action or defenses that have accrued as of the effective date of this act shall be abated, but causes of action that were pending in any court before the effective date of this act, shall not be abated. All other non-remedial provisions of this section shall be applied prospectively.

By its express terms, § 50-164 directs that substantive amendments made to § 50-101 and § 50-112 and the 2013 enactment of § 50-163 apply retroactively in certain circumstances. In other words, § 50-164 provided limited exemptions to the Kansas default rule that substantive legislation applies only prospectively. Section 50-164 also reiterated the default Kansas rule that non-remedial statutory provisions apply prospectively. But, as we held above, § 50-115 was remedial and, thus, this clause is inapplicable. Further, the statutory provision at issue here, *i.e.*, § 50-115, is not referenced in § 50-164. Thus, the Kansas legislature

-14-

did not express any intention in § 50-164 to exempt the repeal of § 50-115 from the default Kansas rules on retroactivity.

This leaves only the question of whether the retroactive application of the statutory change would affect Farmland's vested rights. *Owen Lumber Co.*, 73 P.3d at 755-56. To determine whether applying a statutory change retroactively infringes vested rights, Kansas courts consider three factors: "(1) the nature of the rights at stake (e.g., procedural, substantive, remedial), (2) how the rights were affected (e.g., were the rights partially or completely abolished by the legislation; was any substitute remedy provided), and (3) the nature and strength of the public interest furthered by the legislation." *Brennan*, 264 P.3d at 113 (quotation omitted). As to the first factor, we have already concluded § 50-115 was a remedial statute. Thus, the first factor weighs in favor of retroactive application because, under the default Kansas rule, changes to remedial statutes apply retroactively when there is no legislative intent to the contrary. *See Owen Lumber Co.*, 73 P.3d at 755-56.

The second factor requires this court to examine how retroactive application of the statutory change affects the parties' rights. The Kansas Supreme Court held in *Brennan* that "the legislature may retroactively modify remedies by which rights are enforced, unless the modification has the practical effect of abolishing the right." *Brennan*, 264 P.3d at 114 (citing *Owen Lumber*

-15-

*Co.*, 73 P.3d at 753). Thus, in some circumstances, the repeal of a purely remedial statutory provision, like § 50-115, cannot be applied retroactively because of due process concerns. *See id*. ("[A] statute may be remedial and affect a vested right . . . ."). *Brennan* involves a medical malpractice suit brought by a patient against his doctor. *Id*. at 106. After the complaint was filed, the doctor's malpractice insurer became insolvent, triggering the statutory obligation of the Kansas Insurance Guaranty Association ("KIGA") to cover the claim. *Id*. While the suit was pending, the Kansas legislature passed a law authorizing KIGA to offset its liability to claimants with amounts paid by the claimant's health insurance. *Id*. at 106. The statutory change was expressly made retroactive to pending claims. *Id*. The Kansas Supreme Court held that retroactive application of the change to Mr. Brennan's pending claim against KIGA adversely impacted his "vested right" because it "extinguished Brennan's right to recover from KIGA," a "statutory right [that] arose at the time [the doctor's malpractice insurer] was declared insolvent." *Id*. at 114; *see also id*. at 106 (noting Mr. Brennan "received medical reimbursements from his personal health insurance policy that totaled more than the insolvent insurer's policy limits"). Thus, even though the statutory change was purely remedial, the Kansas Supreme Court held there were due process concerns if it was applied retroactively to Mr. Brennan. *Id*. at 114.

In *Norris*, the Kansas Supreme Court addressed the retroactivity of a procedural amendment. 367 P.3d at 1253. *Norris* involved a statutory deadline that was shortened after the plaintiff filed a petition for judicial review of an adverse decision by the Kansas Employment Security Board of Review. *Id*. at 1255. The Kansas Supreme Court held the new law was procedural and, thus, would generally apply retroactively. *Id*. at 1258. However, retroactive application would bar the plaintiff's action even though it was timely when filed, eliminating the plaintiff's cause of action entirely. *Id*. Accordingly, the court held that retroactive application was inappropriate. *Id*.

The repeal of § 50-115 did not completely or even partially extinguish any of Farmland's vested rights. Both before and after the 2013 repeal, Farmland, or any other plaintiff, could bring a private action for alleged violations of the KRTA—including violations detailed in § 50-112—pursuant to § 50-161(b) and could recover "treble the actual damages sustained." The repeal of § 50-115 only affected Farmland's right to recover full consideration damages, which is not a substantive right but merely a remedy by which the substantive rights set out in the KRTA are enforced. *See State v. Dupree*, 371 P.3d 862, 873 (Kan. 2016) ("[T]he general rule is that there are no vested rights in a particular remedy or method of procedure." (quotation omitted)). Further, unlike the situations in *Brennan* and *Norris*, retroactive application of the statutory change *in this matter*

-17-

does not have the practical effect of eliminating Farmland's cause of action alleging a violation of the KRTA. Farmland is not precluded from recovering treble damages if it prevails on the merits of its claims. *See infra* § III. F.

As to the third and final factor, we examine "the nature and strength of the public interest furthered by the legislation." *Brennan*, 264 P.3d at 113 (quotation omitted). The purposes of the 2013 amendments to the KRTA were set out by the Kansas legislature in Kan. Stat. Ann. § 50-163. Those purposes include "harmoniz[ing]" the KRTA with federal antitrust law which does not allow for recovery of full consideration damages. Kan. Stat. Ann. § 50-163(b); *see also* 15 U.S.C. § 15(a) (providing treble damages may be recovered by "any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws"). Section 50-163(d)(3) also states that the KRTA "shall not be construed to prohibit . . . recovery of damages pursuant to [Kan. Stat. Ann. §] 50-161, and amendments thereto." According to Farmland, however, if retroactive application of the repeal of § 50-115 results in the dismissal of its claims against Appellants, none of these interests are furthered. To the contrary, Farmland argues, dismissal of long-pending claims—assuming they have merit—permits antitrust violators to escape liability. As we have already concluded, Farmland's concern is unfounded. Retroactive application of the statutory elimination of full consideration damages does not compel dismissal of

-18-

Farmland's claims and it is entitled to treble damages if it prevails on the merits and proves entitlement to damages. Accordingly retroactive application of the repeal furthers the purposes of the statutory change by harmonizing Kansas law with federal law while still providing a prevailing plaintiff with a remedy.[8]

Having considered all the factors deemed relevant by the Kansas Supreme Court, we conclude the repeal of § 50-115 applies retroactively in this matter. All three factors weigh in favor of retroactivity: the repealed statute was purely remedial, applying the repeal retroactively does not present any due process concerns because Farmland's vested rights are not affected by retroactive application, and retroactive application of the repeal promotes the purposes of the legislative change.

### E. Kansas Courts Have Not Considered Whether the Repeal of § 50-115 Applies Prospectively or Retroactively

The only remaining consideration is whether the Kansas courts have previously indicated the repeal of § 50-115 should not be applied retroactively. Farmland relies on two Kansas cases for the proposition the Kansas courts, if squarely presented with the question, would rule in favor of prospective application. The first, *Smith v. Philip Morris Cos.*, 335 P.3d 644, 651 (Kan. Ct. App. 2014), involved a class action brought against cigarette manufacturers,

---

[8]Farmland has not argued the treble damages remedy set out in § 50-161(b) is insufficient to make a plaintiff whole.

alleging the manufacturers conspired to fix the wholesale price of cigarettes in violation of the KRTA. In its opinion, the Kansas Court of Appeals provided a short overview of the KRTA, noting "substantial changes" had been made to the law in 2013. *Id*. at 652-53. The court mentioned the repeal of § 50-115 as one of the changes that did "not apply retroactively to cases . . . already pending" at the time of the amendments. *Id*. at 652 Although the plaintiff in *Smith* sought full consideration damages, *id*. at 653, the matter before the Kansas Court of Appeals involved only the question of whether defendants were entitled to summary judgment on plaintiffs' conspiracy claim. *Id*. at 651-52 ("The case is now before us because the district court found Plaintiffs stated only a claim for a wholesale price-fixing conspiracy and granted Defendants summary judgment on that claim."). To answer that question, the court focused its attention on § 50-112, the provision of the KRTA proscribing certain activities in restraint of trade. *Id*. at 653. Because the court concluded summary judgment was appropriate, any mention of full consideration damages or the retroactivity of the repeal of § 50-115 was dicta. Further, the statement in *Smith* is neither precedent for nor a suggestion that the repeal in 50-115 applies only prospectively since the Kansas Court of Appeals did not engage in any retroactivity analysis.

The second case on which Farmland relies*, O'Brien v. Leegin Creative Leather Products, Inc.*, No. 108,988, 2014 WL 1362657 (Kan. Ct. App. April 4,

2014) ("*O'Brien II*"), is no more helpful.  The Kansas Court of Appeals issued an unpublished decision in *O'Brien II* addressing a KRTA case pending at the time § 50-115 was repealed.  The issue appealed was whether the district court abused its discretion when it modified the class by narrowing it.  *Id*. at \*4.  As it did in *Smith*, the Kansas Court of Appeals began its analysis with a brief overview of the changes made to the KRTA in 2013.  *Id*. at \*5.  It then stated, without any analysis of the Kansas retroactivity principles discussed at length above, that it was evaluating the district court's ruling based on "the law as it stood before April 18, 2013, not afterward."  *Id*.  Although the court later discussed § 50-115 in its analysis of the district court's ruling, *id*. at \*9, the discussion was based on the court's assumption that all the pre-2013 statutory provisions applied.  Because the *O'Brien II* memorandum opinion lacks any meaningful retroactivity analysis, it does not support Farmland's assertion that the Kansas courts have indicated they would not apply the repeal of § 50-115 retroactively to cases pending at the time of the repeal.

Having considered the parties' arguments, we conclude no Kansas appellate court has directly, or even indirectly, addressed the retroactivity issue currently before this court.[9]  Thus, no Kansas case law affects our conclusion that the

---

[9]We note the United States District Court for the District of Nevada concluded the repeal of § 50-115 operates retroactively.  *In re W. States Wholesale Nat. Gas Antitrust Litig.*, MDL No. 1566, 2017 WL 3610553, at \*3–\*4

(continued...)

repeal of § 50-115 operates retroactively to extinguish Farmland's ability to recover full consideration damages.

*F.  Appellants' Request for Summary Judgment*

In Appellants' opening brief, they ask for three forms of relief: (1) a ruling that the repeal of § 50-115's full consideration remedy applies retroactively; (2) reversal of the district court's decision denying their motion for summary judgment; and (3) remand of the matter to the district court with instructions to enter judgment in their favor.  Although we conclude the repeal of full consideration damages applies retroactively, Appellants are not entitled to summary judgment.

In support of their request for summary judgment, Appellants argue the repeal of § 50-115 has left Farmland without any available remedy because it has only sought full consideration damages and cannot now change tack and seek treble damages.  They assert Farmland had ample opportunity after the repeal of § 50-115 to amend its complaint to specifically seek treble damages pursuant to § 50-161(b) but purposefully chose not to do so.  *See Norris*, 367 P.3d at 1258 (holding a procedural statute did not apply retroactively, in part, because the

_____

[9](...continued)
(D. Nev. Aug. 22, 2017), *rev'd on other grounds by* 743 F. App'x 802 (9th Cir. 2018).  That ruling was based on the district court's conclusion the statute was remedial, not substantive.  *Id*. at *3. The court, however, did not engage in any extended analysis of why § 50-115 was remedial or examine whether retroactive application of its repeal would affect vested rights.

-22-

plaintiff "d[id] not have a reasonable time after the enactment of the statute to comply" with the statutory change).  Appellants characterize Farmland's decision to challenge retroactive application of the statutory change as a choice "to exclusively pursue a potentially more lucrative remedy" even though the treble damages remedy has always been available.  According to Appellants, the lack of any available remedy is the result of Farmland's litigation strategy, not the mere retroactive application of the statutory change.

We conclude Farmland's amended complaint, filed on October 17, 2005, preserves the treble damages remedy available under § 50-161(b).[10]  In the "Jurisdiction and Damages" paragraph of its amended complaint, Farmland stated

[10]Ironically, Appellants seek summary judgment from this court but also assert the controlling legal question of whether Farmland's complaint sufficiently preserves the treble damages remedy is not properly before us as part of this interlocutory appeal.  This court, however, has previously exercised its discretion in an interlocutory appeal to resolve whether a party is entitled to summary judgment even though the district court did not expressly certify the question of whether a genuine issue of material fact precluded summary judgment.  *Rural Water Dist. No. 4 v. City of Eudora*, 720 F.3d 1269, 1278 (10th Cir. 2013).  Under the standard set out in *City of Eudora*, we should exercise our discretion "if an issue is 'fairly included within the certified order' and is 'a controlling question of law.'"  *Id*.  Here, the district court's order certifying this interlocutory appeal addressed the parameters of Farmland's complaint, concluding it did not preserve the treble damages remedy.  That conclusion, while erroneous, was one basis on which the district court certified this interlocutory appeal.  It is also central to the question presented in the district court's retroactivity order, *i.e.*, whether Farmland has no available remedies if it prevails on the merits of its KRTA claims.  *See supra* § III. D.  Thus, we conclude the issue is "fairly included within the certified order" and must be addressed to resolve "a controlling question of law."  In the interest of judicial economy, we exercise our discretion to resolve it.

its claims were brought pursuant to several Kansas statutes, including § 50-161 which is the treble damages provision. As to the damages sought, the paragraph further stated Farmland was suing to "obtain damages and injunctive and other equitable relief which plaintiff has sustained due to violations by defendants named herein **of these statutes** (emphasis added)." In its prayer for relief, Farmland specifically asked for full consideration damages under § 50-115 but it also requested "such other and further relief as [the] Court may deem necessary and appropriate."[11] Rule 54 of the Federal Rules of Civil Procedure does not require any greater specificity than this to preserve a remedy.[12] *See* Fed. R. Civ. P. 54 (stating that other than default judgments, "[e]very other final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings"). Because retroactive application of the statutory change at issue in this matter does not extinguish Farmland's right to pursue its claims against Appellants and recover some measure of damages if it prevails on the merits, Appellants are not entitled to summary judgment.

---

[11]The parties have not directed this court to any pretrial order refining or narrowing the scope of the damages recoverable by Farmland.

[12]Although Appellants assert in a single phrase in their reply brief that they will be prejudiced if Farmland is permitted to pursue the treble damages remedy, they do not explain the nature of this alleged prejudice in any detail. And, in any event, even if prejudice may be relevant to what evidence Farmland is permitted to present on the treble-damages issue, it is not relevant to the purely legal question of whether Farmland's amended complaint is sufficient to preserve the treble damages remedy.

## IV. Conclusion

We **affirm** the district court's order denying Appellants' motion for summary judgment but for reasons other than those given by the district court. Specifically, we hold the repeal of Kan. Stat. Ann. § 50-115 applies retroactively in this matter. If Farmland prevails on the merits of its KRTA claims, it may not recover full consideration damages but it may recover any other damages to which it shows entitlement.